Harold O. Espy and Norma J. Espy, his wife, Appellants *v.* Butler Area Sewer Authority, Appellee.

Argued October 5, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Thomas W. King, III, Dillon, McCandless, King & Kemper,* for appellants.

*Lee C. McCandless, McCandless, Krizner & Price,* for appellee.

OPINION BY JUDGE CRAIG, December 8, 1981:

Appellants, Harold and Norma Espy, appeal from an order of the Court of Common Pleas of Butler County sustaining the preliminary objections of the Butler Area Sewer Authority and dismissing the appellants' petition for the appointment of viewers.

On January 12, 1978, the Espys entered into a right-of-way agreement with the authority allowing a specified portion of their land to be used for the installation of a sewer line. In return for granting the right-of-way, the Espys received $1,176, and the right to connect to a convenient sewer connection.

The authority contracted with Chester Engineers, Inc. and Dan Sciullo and Company, Inc., as independent contractors, to do the actual surveying and construction of the sewer line. Although the plans for the sewer line indicated that it was to be placed within the right-of-way granted by the Espys, the contractors

placed the line on the Espy property outside of the location specified in the agreement.

In response to this error, the Espys, pursuant to Section 502(e) of the Eminent Domain Code (Code),[1] filed a petition in the common pleas court for the appointment of a board of viewers to assess the damages caused by the incorrect placement of the sewer line.

Upon preliminary objections filed by the authority, after an evidentiary hearing, the trial court found that the misplacement of the sewer line was the error of the independent contractors and that the authority's project manager was unaware of the error until the day before the hearing. The court therefore sustained the authority's preliminary objections, dismissed the petition for the appointment of viewers, and held that the Espys were not entitled to proceed under the Code, but were limited to an action in trespass.[2]

Before there can be a de facto taking, there must be substantial deprivation of the beneficial use and enjoyment of property. *Harborcreek Township v. Ring,* 48 Pa. Commonwealth Ct. 542, 410 A.2d 917 (1980); *West Penn Power Co. v. Bruni,* 36 Pa. Commonwealth Ct. 116, 387 A.2d 1316 (1978); *Beckman v. Redevelopment Authority of City of McKeesport,* 30 Pa. Commonwealth Ct. 576, 374 A.2d 985 (1977). Although the Espys did not produce extensive evidence as to deprivation, such deprivation could be inferred from the undisputed fact that the sewer line was placed outside the granted right-of-way, thus inhibiting future use of that land.

---

[1] Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).

[2] This case is clearly distinguished from the case of *St. Catherine Church v. Mountaintop Area Joint Sanitary Authority,* 58 Pa. Commonwealth Ct. 181, 427 A.2d 726 (1981). In *St. Catherine Church,* there was no right-of-way agreement signed by the parties before the authority entered the land of the churches involved and placed a sewer line thereon.

However, to proceed under Section 502(e) of the Code, there must be more than a showing of de facto taking. *Appeal of Jacobs,* 55 Pa. Commonwealth Ct. 142, 423 A.2d 442 (1980); *Harborcreek Township.* The Espys were also required to prove that the taking resulted from the authority's exercise of its power of eminent domain, and not from the actions of the authority's agents. *Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979).

We cannot agree with the Espys' contention that the actions of the independent contractors were the actions of the authority itself because of the close relationship established between them. Despite any such closeness, we cannot hold that it makes the authority a condemnor by virtue of the negligent acts of its contractors or agents. *Condemnation E. Berkshire Street,* 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975); *Department of Transportation v. Castillo,* 14 Pa. Commonwealth Ct. 22, 321 A.2d 394 (1974). There must be further evidence to show that the authority authorized and directed the action in question. *Beckman.* The Espys offered no evidence that the authority directed the incorrect placement of the sewer line. On the contrary, the trial court acted well within its discretion[3] in accepting as credible the evidence, noted above, that the authority's officials were not aware of the wrong placement.

Therefore, the trial court correctly concluded that the Espys could not proceed under the Code. The court was also correct in concluding that the Espys were not without a remedy. Since the Pennsylvania

---

[3] Our scope of review in a case where the lower court has sustained preliminary objections to a petition for an appointment of viewers is limited to a determination as to whether or not the findings are supported by competent evidence or an error of law was committed. *In Re Condemnation by Redevelopment Authority,* 55 Pa. Commonwealth Ct. 612, 423 A.2d 1354 (1980).

Supreme Court's decision in *Culver v. Commonwealth*, 346 Pa. 262, 29 A.2d 531 (1943), the rule has been that whatever may have been done by a contractor outside the right-of-way was a trespass, for which there may be recovery in an action in trespass.[4]

We affirm.

### ORDER

Now, December 8, 1981, the order of the Court of Common Pleas of Butler County, dated November 17, 1980, dismissing the petition for the appointment of viewers, is affirmed.

---

[4] However, because the misplacement of the sewer line occurred in September, 1979, we are aware that the two-year statute of limitations for an action in trespass against real property possibly may present a bar to such an action. 42 Pa. C. S. §5524. Of course, we do not decide that question in this case.