Edward P. Deets, Elizabeth L. Deets, his wife, and Mountaineer Enterprises, Inc., Appellants *v.* The Mountaintop Area Joint Sanitary Authority, Appellee.

Argued June 4, 1984, before Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*Jerome L. Cohen,* with him, *John L. McDonald,* for appellants.

*George Spohrer,* with him, *Ronald P. Sweeda,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., August 2, 1984:

Appellants, Edward and Elizabeth Deets and Mountaineer Enterprises, Inc. (Mountaineer), appeal from an order of the Court of Common Pleas of Luzerne County dismissing the appellants' petition for appointment of viewers to assess eminent domain damages.

On December 14, 1976 Edward and Elizabeth Deets entered into a right-of-way agreement with the Mountaintop Area Joint Sanitary Authority (Authority) allowing a portion of their land to be used for the installation of a sewer line. The Deetses were paid $1 by the Authority for granting the right-of-way.

The Authority contracted with Chester Engineers, Inc., D & C Spinozzer and Charles F. Smith & Son, as independent contractors, to do the actual surveying and construction of the sewer line. Although the plans for the sewer line indicated it was to be placed within the right-of-way granted by the Deetses, the contractors who constructed the sewer line in 1977 placed the line on property of the Deetses and Mountaineer outside of the location specified in the agreement.

In response to this error, appellants, pursuant to Section 502(e) of the Eminent Domain Code (Code),[1] filed a petition in common pleas court for the appointment of viewers to assess damages caused by the incorrect placement of the sewer line. After an evidentiary hearing, the common pleas court found that the misplacement of the sewer line was the error of the independent contractors and that the Authority did not authorize or direct the contractors to deviate from the granted right-of-way. The court held that case was controlled by our decision in *Espy v. Butler Area Sewer Authority*, 63 Pa. Commonwealth Ct. 95, 437 A.2d 1269 (1981), and dismissed the petition for appointment of viewers holding appellants were not entitled to proceed under the Code. We affirm.

We are aware that our scope of review of a common pleas court order dismissing a petition under the Code is limited to determining whether there is competent evidence in the record to support the findings made and whether an error of law was committed. *In Re Condemnation by Redevelopment Authority*, 55 Pa. Commonwealth Ct. 612, 423 A.2d 1354 (1980); *Breining v. Hatfield Township*, 23 Pa. Commonwealth Ct. 394, 352 A.2d 230 (1976).

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e).

A review of the evidence satisfies us there is competent evidence to support the common pleas court's finding that the Authority did not authorize or direct the contractors to deviate from the right-of-way granted by the Deetses. As we previously held in *Espy v. Butler Area Sewer Authority,* to proceed under Section 502(e) of the Code, a landowner must prove the taking was the result of the Authority's exercise of its power of eminent domain and not from the actions of the authority's agents. 63 Pa. Commonwealth Ct. at 98, 437 A.2d at 1271; *see also Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979).

In order to qualify for relief under the Code, a landowner must suffer an actual or de facto taking which must be the result of action by an entity clothed with the power of eminent domain. *See* Sections 201 and 303 of the Code, 26 P.S. §§1-201 & 1-303; *Espy v. Butler Area Sewer Authority; cf. Petition of 1301 Filbert Ltd. Partnership for Appointment of Viewers,* 64 Pa. Commonwealth Ct. 605, 441 A.2d 1345 (1982). If the taking of a landowner's property by an entity clothed with eminent domain power is done without a prior declaration of taking, our Supreme Court has indicated that the property owner has the option of seeking damages in an action in trespass or compensation for the actual taking under eminent domain. *See Pittsburgh National Bank v. Equitable Gas Co.,* 421 Pa. 468, 220 A.2d 12, *cert. denied,* 385 U.S. 988 (1966); *Garland Chain Co. v. Rankin Borough,* 226 Pa. 389, 75 A. 607 (1910). In such a case, if the landowner seeks an appointment of viewers to assess compensation for the taking, the landowner is deemed to have waived the trespass. *See Pittsburgh National Bank,* 421 Pa. at 470, 220 A.2d at 14; *Garland Chain Co.,* 226 Pa. at 390, 75 A. at 607.

However, where the deprivation of the use and enjoyment of property is the result of the negligent actions of an independent contractor acting without the authority or direction of an entity clothed with the power of eminent domain, we have held the property owner's sole remedy is an action in trespass against the offending contractors. *Espy,* 63 Pa. Commonwealth Ct. at 99, 437 A.2d at 1271; *cf. Culver v. Commonwealth,* 346 Pa. 262, 29 A.2d 531 (1943). It is only where a landowner's damages are the result of the actions of an entity clothed with the power of eminent domain that the landowner may seek compensation under the Code. Where the actual intrusion is the result of the actions of independent contractors, the landowner must prove that the contractor's actions were either authorized or directed by the entity clothed with eminent domain power to proceed under the Code. Where the contractor deviates from a previously granted right-of-way, the landowner must prove the contractor's deviation was either authorized or directed by the entity with eminent domain power. Here, the appellants failed to meet that burden.

We cannot agree with the appellants' contention that the actions of the independent contractors were the actions of the Authority itself by virtue of Authority inspectors being present to inspect the work. The evidence contained in the record clearly shows the Authority's inspectors were only present to ensure that the contractor laid the sewer pipe at the proper depth, that the proper amount of stone was placed around the pipe, as well as other various technical details related to the actual laying of the pipe. The location of the sewer line was the responsibility of the independent contractors and the Authority inspectors had no responsibility to ensure that the sewer line was laid in the right-of-way. The evidence

produced no reports from those inspectors to the Authority that the contractors had deviated from the right-of-way. To the contrary, since only the contractors possessed maps showing the right-of-way, the evidence indicated the inspectors would not have known if the actual sewer line deviated from the right-of-way; they would only know if the contractors laid the line within the area previously staked out by the contractors. We will not impute to the Authority the negligent acts of its independent contractors on such a tenuous connection. *Cf. Espy,* 63 Pa. Commonwealth Ct. at 98, 437 A.2d at 1271 (close relationship between independent contractor and authority insufficient to make authority a condemnor by virtue of the negligent acts of independent contractor).

Therefore, the common pleas court correctly concluded that Appellants[2] could not proceed under the Code and have as their sole remedy an action in trespass against the independent contractors. Our Supreme Court has stated that no recovery can be had in an eminent domain proceeding where a landowner's injuries result from a trespass.[3] *Cf. Burkholder v. Commonwealth,* 347 Pa. 478, 32 A.2d 745 (1943). We therefore affirm the order of the common pleas court.

---

[2] We distinguish this case involving Mountaineer from the facts of *St. Catherine Church v. Mountaintop Area Joint Sanitary Authority,* 58 Pa. Commonwealth Ct. 181, 427 A.2d 727 (1981). In *St. Catherine Church,* while there was no right-of-way agreement signed by the parties, there the action was attributed directly to the authority and there was no intervening negligent act of an independent contractor.

[3] We do note that the record indicates that the sewer line remains on appellants' property which may constitute a continuing trespass thereby tolling the two-year statute of limitations for an action in trespass against real property. 42 Pa. C. S. §5524. However, as this issue is not presently before us, we express no opinion thereon.

306

AND Now, the 2nd day of August, 1984, the order of the Court of Common Pleas of Luzerne County at Docket No. 806-C of 1983, dated May 5, 1983, dismissing the petition for appointment of a Board of View, is hereby affirmed.