**In re 105.92 Acres in Fee Situate Knox Township, Clearfield County, Pennsylvania**

222

*John Sughrue,* for petitioners.
*Richard A. Bell,* for respondent.

REILLY, *P.J.,* January 8, 1990 — This matter comes before the court on preliminary objections filed by defendant above-named to a petition for appointment of viewers filed on behalf of petitioners above-named. Although the objections raised are numerous, this court will discuss only two in sustaining said preliminary objections and dismissing the petition for appointment of viewers.

The first issue to be discussed raises the question of whether the encroachment on petitioners' property was caused by an independent contractor for which defendant Columbia Gas Transmission Corporation is not liable. From the record, it is clear that the pipeline was constructed by the Britain Contracting Company of Claysville, Pennsylvania, an independent contractor under contract with Manufacturer's Light and Heat Company, defendant's predecessor. Undisputed testimony on behalf of defendant also revealed that defendant Columbia performed none of the construction and that any deviation from the civil engineering performed by defendant was done without the knowledge or authority of defendant. As the Commonwealth Court of Pennsylvania stated in *Deets v. Mountaintop Area Joint Sanitary Authority,* 84 Pa. Commw. 300, 304, 479 A.2d 49, 51-2 (1984):

"However, where the deprivation of the use and enjoyment of property is the result of the negligent actions of an independent contractor acting without the authority or direction of an entity clothed with the power of eminent domain, we have held the property owner's sole remedy is an action in trespass against the offending contractors. *Espy,* 63 Pa. Commw. at 99, 437 A.2d at 1271; cf. *Culver v. Commonwealth,* 346 Pa. 262, 29 A.2d 531 (1943). It is only where a landowner's damages are the result of the actions of an entity clothed with the power of eminent domain that the landowner may seek compensation under the code. Where the actual intrusion is the result of the actions of independent contractors, the landowner must prove that the contractor's actions were either authorized or directed by the entity clothed with eminent domain power to proceed under the code. Where the contractor deviates from a previously granted right-of-way, the landowner must prove the contractor's deviation was either authorized or directed by the entity with eminent domain power. Here, the appellants failed to meet that burden."

See also, *Espy v. Butler Area Sewer Authority,* 63 Pa. Commw. 95, 437 A.2d 1269 (1981). In this case, it is clear to this court that any deviation of the gas transmission line onto petitioner's property was occasioned by the Britain Contracting Company and not authorized by or known to defendant and therefore petitioner's right of recovery lies solely in an action of trespass against the independent contractor.

The second issue which persuades this court to sustain the preliminary objections is the proposition that petitioners have no right to proceed to petition for appointment of viewers when the taking occurred prior to petitioners acquiring title.

In the instant case the taking occurred in 1951 and 1952. Petitioners acquired their interest in the property by deed in 1979. This deed clearly did not convey any ownership or any right to damages caused by the pipeline being constructed under the subject premises. Pennsylvania courts have consistently held that the right to damages belongs to the person owning the land at the time of the entry and injury, and while this right may be assigned, it does not pass by a conveyance of the land. As stated in *Kaufmann v. Pittsburgh,* 248 Pa. 41, 93 Atl. 779 (1915), "The right to such damages is personal, belonging to the owners of the land when the entry and injury takes place, and the damages do not run with the land nor pass by a subsequent conveyance of it although not specifically reserved."

Again, in *Breigel v. Breigel,* 307 Pa. 93, 160 Atl. 581 (1932), the court held "The right to an award of damages in eminent domain proceedings is a personal claim of the person owning the property at the time the appropriation takes place . . . It does not pass by a subsequent conveyance by deed, though it may be assigned as a chose in action."

In view of the fact that petitioners were not the owners of the subject property at the time of the actual taking in 1951 and 1952, and further that no assignment of the right to seek damages for said taking appears on the record, this court must sustain the preliminary objections of defendant and therefore enters the following

## ORDER

Now, January 8, 1990, following hearing, it is the order of this court that defendants' preliminary objections to the petition for appointment of viewers filed on behalf of plaintiffs above-named, be and are hereby sustained and said petition dismissed.