## Bucks County Water and Sewer Authority v. Approximately 9,180 Square Feet of Land Taken As Easement

*Nicholas Leonard,* for plaintiff.
*Alan Williams Jr.,* for defendant.

SCOTT, *J.,* September 10, 1991—This is an appeal by Robert L. Rawlings and Carol Rawlings, his wife, from our order of July 1, 1991 in an eminent domain proceeding brought by the Bucks County

Water and Sewer Authority. We granted a new trial on the basis that the eminent domain proceedings should have been limited to compensation for the land which was formally condemned.

The torturous history of this case begins on August 17, 1983 when the authority filed a declaration of taking for certain lands of the landowners in the Borough of New Hope, including a tract of land in fee for a pumping station (a de jure taking). It is undisputed that the pumping station was built in part outside of the area of declaration of taking (a de facto taking). The pumping station was built in a narrow area of the landowners' lot, and if it had been built according to the declaration of taking there would have been an 11-foot access to the rear of the property after construction of the pump building. The actual placement of the building, as constructed outside of the formally condemned ground, left approximately 7 to 8 feet of access. As a result of the actual placement of the building there was a de facto taking of an additional area of land which did not correspond to the declaration of taking and which allegedly severely restricted the ability to develop this land.

A jury trial was held after the landowners filed a timely appeal from the jury of viewers award. At the trial, before the Honorable Oscar S. Bortner* on November 2, 1988, the trial court admitted evidence of a de facto taking and further refused to permit evidence of any alleged liability of the independent contractor who placed the pump station outside the area of the formal condemnation. The trial court ruled that the contractors were agents of the authority and that there was a non-delegable duty of the authority to insure that the station was built in

---

* Judge Bortner retired December 31, 1989 and this case was subsequently assigned to the undersigned.

accordance with the declaration of taking. The trial court instructed the jury to enter what was termed a "real" verdict assuming the de facto taking and also to make an "advisory" verdict which would assume that the building had been constructed where it originally was supposed to be. The "real" verdict was in favor of the landowners in the amount of $55,000. The "advisory" verdict was in the amount of $10,000. Judgment against the authority was entered on November 2, 1988.

The original appeal was filed in a timely manner by the authority who challenged the trial court's admission of the de facto rather than the de jure taking and the exclusion of any evidence of any liability of the contractor who actually built the station. The Commonwealth Court, in an opinion dated November 15, 1989, remanded the matter to the trial court for filing of post-trial motions and filing of an opinion by the trial court. After post-trial motions were filed and argued, the trial court entered the July 1, 1991 order granting a new trial as requested by the authority.

The landowners argue that the authority has the land and they should have to pay for the land in an eminent domain proceeding. The authority's position is that any compensation for land outside of the area of the formal taking must take into consideration issues of who is responsible for such placement on the land. Essentially, the landowners argue that they should be compensated without regard to who is responsible and the authority wants a determination of responsibility. It is clear in an eminent domain proceeding that the only question is the amount of compensation to be paid. There are no other issues of significance. This is what the landowners urge. On the contrary, the authority argues that the eminent domain proceedings are inappro-

priate in such a situation where the station was actually built outside the formal area. The questions, according to the authority, are not just how much should be paid, but who should pay. This could only occur in a trespass action as opposed to an eminent domain proceeding. The principal case the authority relies on for its position is *Deets v. Mountaintop Area Joint Sanitary Authority,* 84 Pa. Commw. 300, 479 A.2d 49 (1984). We note that in its opinion of November 15, 1989 remanding this case to the trial court, the Commonwealth Court commented that they "did not have any analysis of the *Deets* case." We believe that the ruling in the *Deets* case is controlling and mandates, in this eminent domain case, a new trial solely on the issue of the compensation for the de jure taking.

In *Deets,* the landowners had brought an action pursuant to the eminent domain code against the authority for compensation for the incorrect placement of sewer lines. The Commonwealth Court upheld the trial court ruling that the only remedy by the landowners was an action in trespass against the contractors who had actually placed the sewer lines. In an analysis of whether eminent domain or trespass was appropriate, the Commonwealth Court discussed when it is possible to proceed in eminent domain and when it is possible to proceed in trespass in a situation where there has allegedly been a taking of land. If the land is taken by an authority without a prior declaration of taking the landowner has the option of seeking damages in trespass or eminent domain. On the contrary, where there is a declaration of taking and a subsequent taking of land outside of the area that was condemned, the landowner is limited to an action in trespass unless the "contractor's deviation was either authorized or directed by the entity with eminent domain power."

The court further states that a close relationship between the independent contractor and the authority is insufficient to make the authority a condemnor by virtue of the negligent acts of the independent contractor. *Deets v. Mountaintop Area Joint Sanitary Authority, id.* Finally, in *Deets,* the Commonwealth Court restates the holding in *Burkholder v. Commonwealth,* 347 Pa. 478, 32 A.2d 745 (1943) "that no recovery can be had in an eminent domain proceeding where a landowner's injury results from a trespass." The landowner argues that there should only be one litigation, the eminent domain proceeding, and that any action that the authority may have against its contractor is no concern of the landowner. There is no allegation by the landowner that the contractor's deviation was directed by the entity, therefore, that exception would fail. Thus, under a *Deets* analysis the issue of the liability of the contractor in a situation where there has been a formal taking lies in a trespass action.

Given the authority's position that any issue with the contractor is solely negligence and the diametrically opposed position of the landowner's that the contractor's actions are irrelevant, the trial court has limited the new trial to the issue of the de jure taking.