IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew L. Breck and            :
Crystal Anne Breck,             :
             Appellants      :
             :
       v.              :
             :
Pittsburgh-Butler Regional Airport,    :    No. 896 C.D. 2023
a/k/a Butler County Airport         :    Submitted: October 8, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: November 6, 2024


Matthew L. Breck and Crystal Anne Breck (collectively, Appellants) appeal from the August 3, 2023 order of the Court of Common Pleas of Butler County (Trial Court) that held that Appellants failed to prove a *de facto* taking of their property under the Eminent Domain Code (Code)[1] and that the Pittsburgh-Butler Regional Airport a/k/a Butler County Airport (Airport) did not waive its right to challenge whether a *de facto* taking of Appellants' property had occurred. On review, we affirm.

## I. Background

The instant appeal involves Appellants' residence at 384 Brownsville Road, Butler, Pennsylvania (Property), which Appellants purchased from Matthew Breck's parents and which abuts the western side of the Airport. *See* Trial Court

---

[1] 26 Pa.C.S. §§ 101-1106.

Opinion and Order of Court dated August 3, 2023 (Trial Court Opinion) at 2-3. On March 30, 2021, Appellants filed their "Petition for Appointment for [sic] a Board of Viewers pursuant to 26 Pa.C.S.[ §] 502(c)" (Petition) in the Trial Court, alleging that the Airport had taken the Property through a *de facto* taking. *See* Trial Court Opinion at 1; *see also* Petition, Reproduced Record (R.R.) at 6-12.[2] On April 6, 2021, the Trial Court filed an order granting the Petition and appointing a board of viewers. *See* Trial Court Opinion at 1; *see also* Order of Court Appointing Board of Viewers (Petition Grant Order), R.R. at 13.

Also on April 6, 2021, in response to the filing of the Petition Grant Order, the Airport filed its "Petition for Determination of Issues Under 26 Pa.C.S. § 502(c)(2)" (Determination Petition), in which it requested that the Trial Court issue a determination as to whether the Petition established that a *de facto* taking of the Property had occurred. *See* Trial Court Opinion at 2; *see also* Determination Petition, R.R. at 17-50. Appellants thereafter filed "Condemnees' Answer to Condemnor's Petition for Determination of Issues Under 26 Pa.C.S. Section 502(c)(2)" (Answer to Determination Petition), in which they argued that the Airport had waived its right to object to the allegations of the Petition by failing to timely file preliminary objections thereto. *See* Trial Court Opinion at 2; *see also* Answer to Determination Petition, R.R. at 51-71.

On May 19, 2022, the Trial Court issued a Memorandum Opinion and Order of Court (Determination Petition Opinion), in which it held that a determination as to whether a *de facto* taking had occurred must precede the

---

[2] We note that the filed Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, which requires pages be separately numbered with Arabic figures followed by a small "a." *See* Pa.R.A.P. 2173.

appointment of a board of viewers, and that the filing of preliminary objections can only be filed after the appointment of a board of viewers. *See* Trial Court Opinion at 2; *see also* Determination Petition Opinion at 4-7.

The Trial Court thereafter conducted an evidentiary hearing to determine whether a *de facto* taking of the Property occurred. *See* Trial Court Opinion at 2; *see also* Notes of Testimony, February 10, 2023, R.R. at 293-585; Notes of Testimony, April 21, 2023, R.R. at 101-292. Following the hearing and further briefing and argument of the parties, on August 3, 2023, the Trial Court issued the Trial Court Opinion finding that Appellants failed to establish a *de facto* taking of the Property and that the Airport had not waived its right to challenge the occurrence of such a taking. *See generally* Trial Court Opinion. This appeal followed.[3]

## II. Issues

On appeal, Appellants claim the Trial Court erred in three ways. First, Appellants claim that the Trial Court committed an error of law by concluding that the Airport could not file preliminary objections in this matter until after the Trial Court determined whether a *de facto* taking occurred, which determination the Trial Court held it was duty-bound to make. *See* Appellants' Br. at 22-29. Next, Appellants claim the Trial Court erred by determining that the Trial Court was responsible for determining whether a condemnation occurred. *See* Appellants' Br. at 29-33. Finally, Appellants argue that the Trial Court erred by not allowing

---

[3] "Our [] review in an eminent domain matter is limited to determining whether the trial court abused its discretion, committed an error of law[,] or whether the findings of the trial court are supported by sufficient evidence." *R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery*, 885 A.2d 643, 648 n.4 (Pa. Cmwlth. 2005) (citing *Captline v. County of Allegheny,* 727 A.2d 169, 172 (Pa. Cmwlth. 1999)).

Appellants to call the Airport's attorney (Airport Counsel) as a witness and by making certain witness credibility determinations. *See* Appellants' Br. at 34-46.

## III. Discussion

### A. *Waiver of Preliminary Objections and Evidentiary Hearing Thereon*

We first address Appellants' first two claims, which are interrelated.[4] Initially, we observe that Section 502(c) of the Code allows a property owner that asserts that its property interest has been condemned without the filing of a declaration of taking to file a petition for the appointment of a board of viewers setting forth the factual basis of the petition. *See* 26 Pa.C.S. § 502(c)(1). "[T]he Code provides the *exclusive* method and practice governing eminent domain proceedings, including *de facto* takings,[5] and [] preliminary objections are the exclusive method of raising objections to a petition for appointment of viewers alleging a *de facto* taking." *York Rd. Realty Co., L.P. v. Cheltenham Twp.*, 136 A.3d

---

[4] We note that Appellants do not challenge the Trial Court's underlying determination as to the *de facto* taking, but instead forward only a procedural challenge to the lack of formal preliminary objections. *See* Appellants' Br. at 22-33.

[5] "A *de facto* taking is not a physical seizure of property; rather, it is an interference with one of the rights of ownership that substantially deprives the owner of the beneficial use of his property." *York Rd. Realty Co., L.P. v. Cheltenham Twp.*, 136 A.3d 1047, 1050-51 (Pa. Cmwlth. 2016) (quoting *In re Borough of Blakely*, 25 A.3d 458, 463-64 (Pa. Cmwlth. 2011)) (emphasis omitted). The law is well settled that

> [i]n order to prove a *de facto* taking, the property owner must establish exceptional circumstances that substantially deprived him of the beneficial use and enjoyment of his property. This deprivation must be caused by the actions of an entity with eminent domain powers. Also, the damages sustained must be an immediate, necessary and unavoidable consequence of the exercise on the entity's eminent domain powers.

*Id.* at 1050-51 (quoting *Blakely*, 25 A.3d at 463-64) (emphasis and footnote omitted).

4

1047, 1050 (Pa. Cmwlth. 2016) (quoting *Gerg v. Twp. of Fox*, 107 A.3d 849, 852 (Pa. Cmwlth. 2015)) (emphasis in original) (brackets omitted); *see also Pileggi v. Newton Twp.*, 245 A.3d 377, 384 n.4 (Pa. Cmwlth. 2021) ("Preliminary objections are the exclusive method under the [] Code of raising legal and factual objections to a petition for appointment of viewers which alleges a *de facto* taking." (quoting *German v. City of Phila.*, 683 A.2d 323, 325 n.5 (Pa. Cmwlth. 1996))); Section 502 of the Code, 26 Pa.C.S. § 502. "[P]reliminary objections in the context of proceedings under the Code are distinct from preliminary objections in the context of a proceeding under the Pennsylvania Rules of Civil Procedure." *York Rd.*, 136 A.3d at 1050 (quoting *William Schenk & Sons v. Northampton, Bucks Cnty., Mun. Auth.*, 97 A.3d 820, 824 (Pa. Cmwlth. 2014) (additional quotation marks omitted)). "In proceedings under the Code, preliminary objections are intended as a procedure to resolve all legal and factual challenges to a declaration of taking before proceeding to the damages issue – *i.e.*, hearing by an appointed board of viewers." *York Rd.*, 136 A.3d at 1050 (quoting *William Shenk*, 97 A.3d at 824) (additional quotation marks omitted)). As this Court has observed,

> [i]n eminent domain proceedings, preliminary objections serve a broader purpose than ordinary preliminary objections and are intended as a procedure to expeditiously resolve threshold legal issues[.] Indeed, the trial court must first determine whether a *de facto* taking has occurred before sending the matter to a board of view[ers] to determine damages.

*Hill v. City of Bethlehem*, 909 A.2d 439, 442 n.8 (Pa. Cmwlth. 2006) (internal citations omitted). Therefore, when preliminary objections are filed in a *de facto* taking case,

[a] trial court must determine first whether, as a matter of law, the averments of the petition for the appointment of [a board of] viewers, taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a *de facto* taking. If not, the preliminary objections must be sustained and the petition dismissed or allowed to be amended.

*Hill*, 909 A.2d at 443 (quoting *Stein v. City of Phila.*, 557 A.2d 1137, 1140 (Pa. Cmwlth. 1989)).

The decision of whether a compensable taking has occurred requires an initial determination that the act complained of was, in fact, an exercise of eminent domain power. Acts not done in the exercise of the right of eminent domain and not the immediate, necessary or unavoidable consequences of such exercise cannot be the basis of a proceeding in eminent domain.

*German*, 683 A.2d at 326-27.

The first question in the instant case concerns the timing of preliminary objections in response to petitions for appointment of a board of viewers that allege a *de facto* taking. Regarding preliminary objections to petitions for the appointment of viewers, Section 504 of the Code provides, in relevant part:

**(d) Preliminary objections.—**

(1) Any objection to the appointment of viewers may be raised by preliminary objections filed within 30 days after receipt of notice of the appointment of viewers.

(2) Objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for

6

appointment of viewers) are waived unless included in preliminary objections.

(3) An answer with or without new matter may be filed within 20 days of service of preliminary objections, and a reply to new matter may be filed within 20 days of service of the answer.

(4) The court shall determine promptly all preliminary objections and make any orders and decrees as justice requires.

(5) If an issue of fact is raised, the court shall conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise, but in no event shall evidence be taken by the viewers on this issue.

26 Pa.C.S. § 504(d).

Thus, "[p]reliminary objections are the proper response to a petition for appointment of viewers pursuant to [S]ection 504 of the [] Code[.]" *Millcreek Twp. v. N.E.A. Cross Co.*, 620 A.2d 558, 560 (Pa. Cmwlth. 1993). While the function of preliminary objections differs from regular civil practice in matters brought under the Code, the Code clearly sets forth the timing for filing and the required content of preliminary objections in such matters. *See* 26 Pa.C.S. § 504(d)(1) & (2). The Code requires that preliminary objections be filed "30 days after receipt of notice of the appointment of viewers" and raise "objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under [S]ection 502(c)[.]" 26 Pa.C.S. § 504(d)(1) & (2). The Code further expressly explains that a failure to raise in preliminary objections claims regarding the legal sufficiency or factual basis of a petition for appointment of viewer will result in waiver of such claims. *See* 26

7

Pa.C.S. § 504(d)(2). These requirements, and the penalty for failure to comply therewith, are express and unambiguous in the text of the Code.

Here, Appellants filed the Petition on March 30, 2021. The Airport therefore had 30 days – or until April 29, 2021 – to file preliminary objections regarding the legal sufficiency and/or factual basis of the Petition. *See* 26 Pa.C.S. § 504(d)(1). However, on April 6, 2021, with 20 days remaining during which the Airport could have filed preliminary objections, the Trial Court entered the Petition Grant Order granting the Petition and appointing a board of viewers. *See* Petition Grant Order, R.R. at 13. In response, the Airport then filed the Determination Petition, also on April 6, 2021 (within the 30 day time limit for the filing of preliminary objections), in which it argued (1) that it was not obligated to file preliminary objections until after the Trial Court made a determination on existence of the *de facto* taking alleged in the Petition, and (2) that the Petition failed to establish a *de facto* taking or the date thereof. *See* Determination Petition at 2-9, R.R. at 19-26.

The Trial Court erred by determining that it needed to *sua sponte* test the legal sufficiency of the *de facto* taking allegation contained in the Petition before the time on Airport's requirement to file preliminary objections would begin to run. Instead, per the Code, it is the filing of preliminary objections challenging a petition for appointment of viewers that triggers the need for a trial court to conduct an evidentiary hearing into the veracity of those claims. *See* 26 Pa.C.S. § 504(d). However, here, while not styled as preliminary objections, the allegations contained in the Determination Petition filed in response to the Petition Grant Order served the same function as preliminary objections – they raised a challenge to the legal sufficiency and/or factual basis of the Petition's claim that a *de facto* taking had

8

occurred at the Property. The Trial Court then conducted an evidentiary hearing to determine whether a *de facto* taking had occurred. This is the same process that would have occurred had the Airport styled the claims from the Determination Petition as preliminary objections and filed such preliminary objections prior to the Trial Court entering the Petition Grant Order. Accordingly, given the unique procedural posture of this matter created by the Trial Court by granting the Petition prior to the expiration of the time period during which the Airport could have filed preliminary objections per Section 504, we view the Determination Petition as having raised and preserved the Airport's objections challenging the legal sufficiency and factual basis of the allegations contained in the Petition.[6] Thus, the Trial Court erred by determining (1) that Appellant's filing of the Petition, and not the Airport's filing of preliminary objections thereto, triggered its obligation to conduct an evidentiary hearing on the question of the sufficiency of the Petition's allegations (i.e., the claim of a *de facto* taking), and (2) that the Airport was not required to file its preliminary objections until after the Trial Court's determination on the *de facto* taking issue. However, because the Airport put forth its objections in the Determination Petition and the Trial Court thereafter conducted an evidentiary hearing on the objections contained therein as it would have had the Airport raised its challenges as preliminary objections, the Trial Court's procedural errors were harmless.

---

[6] We observe that our Supreme Court has long held that, "[i]n the interest of justice, our civil procedural rules must be liberally construed. Form must not be exalted over substance, and procedural errors must not be dispositive where there has been substantial compliance with the rules and no prejudice has resulted from purely technical error." *In re Tax Claim Bureau, German Twp., Mt. Sterling 54 1/2 Acres, Miscellaneous Bldgs.*, 436 A.2d 144, 146 (Pa. 1981).

9

**B.** *Evidentiary Claims*

Appellants raise two evidentiary claims in their remaining issue on appeal: first, that the Trial Court abused its discretion by not allowing Appellants to call Airport Counsel as a fact witness at the evidentiary hearing in this matter, and second, that the Trial Court erred in certain of its credibility determinations. *See* Appellants' Br. at 34-46. These claims do not entitle Appellants to relief.

As this Court has explained, "the decision whether to admit or exclude the testimony of a witness is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *McGuire on behalf of Neidig v. City of Pittsburgh*, 250 A.3d 516, 535 (Pa. Cmwlth. 2021), *aff'd*, 285 A.3d 887 (Pa. 2022) (quoting *Daddona v. Thind*, 891 A.2d 786, 811 (Pa. Cmwlth. 2006)) (quotation marks and brackets omitted). "An abuse of discretion is not merely an error of judgment, but is a judgment that is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." *Id.* (internal quotation marks and brackets omitted).

Here, the Trial Court did not abuse its discretion by preventing the testimony of Airport Counsel. The Trial Court heard the following exchange at the evidentiary hearing of this matter:

> [APPELLANTS' COUNSEL]: Well, the issue is now, if the [Trial] Court will hear me, that I intend to call [Airport Counsel] as a witness. [Airport Counsel] is the only one, and the case law is quite clear. There are exemptions to when someone may not file Preliminary Objections, but there has to be a reason. You can't just not file them. As [Airport Counsel] answered during oral argument, I just don't [sic] know I had to. That is, first of all, that's not evidence.

****

10

THE COURT: Why is it relevant to the issue of whether there's a taking or not?

[APPELLANTS' COUNSEL]: Because I will tell you why I think it's relevant.

THE COURT: Please. Okay.

[APPELLANTS' COUNSEL]: That is because I am making a record.

THE COURT: Yes.

[APPELLANTS' COUNSEL]: And I desperately do not want this case remanded back here from the Commonwealth Court for additional findings. So, I'm trying to get the findings all in at one time.

THE COURT: Okay. But why is this relevant to the issue of was there a taking or not? I don't understand.

[APPELLANTS' COUNSEL]: It's not – it's not relevant to whether or not there was a taking, but it is relevant to the non-filing of Preliminary Objections because the Commonwealth Court has said on many occasions that there are times when you don't have to file Preliminary Objections within 30 days. And that's both condemnor and condemnee. But there has to be a reason. And so far, we are not giving the Commonwealth Court anything to go on in terms of evidence as to why Preliminary Objections were not filed.

Notes of Testimony April 21, 2023 (N.T. 4/21/2023) at 135-36, R.R. at 234-35.

Based on these statements, the Trial Court found that testimony from Airport Counsel would not be relevant to a determination of whether a *de facto* taking had occurred with reference to the Property. *See* Opinion in Compliance with

Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure (1925(a) Opinion) at 5 (pagination supplied). As the Trial Court explained:

> [Appellants'] counsel herself stated on the record at the [e]videntiary [h]earing on April 21, 2023[,] that the testimony from [Airport Counsel] was not relevant to whether a taking had occurred or not. Further, any testimony concerning the negotiations between [Appellants'] and [Airport C]ounsel may be excluded by Pa.R.E. 408 *Compromise Offers and Negotiations*,[7] given the discussions were a part of efforts between the parties to come to a resolution prior to the filing of the Petition[].

*Id.*

We find no error in this determination. Simply put, Appellants' counsel's statement that testimony from Airport Counsel would have no bearing on

---

[7] Pennsylvania Rule of Evidence 408, Compromise Offers and Negotiations, states:

> **(a) Prohibited Uses.** Evidence of the following is not admissible-- on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim.
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Pa.R.E. 408.

the issue of whether a *de facto* taking had occurred conceded that such testimony was not necessary to determine the issue before the Trial Court. Further, as the Trial Court noted, any testimony regarding previous negotiations between the parties to sell/acquire the Property would have been inadmissible as previous compromise offers and negotiations per the Pennsylvania Rules of Evidence. Accordingly, we find no abuse of discretion in the Trial Court's exclusion of proposed testimony of Airport Counsel and we decline to reverse that determination.[8] *McGuire*.

Furthermore, Appellants are not entitled to relief to the extent they challenge the Trial Court's witness credibility determinations. "It is beyond peradventure that the trial court, sitting as the fact-finder, is free to believe all, part or none of the evidence, to make all credibility determinations, and to resolve all conflicts in the evidence." *Laurel Rd. Homeowners Ass'n, Inc. v. Freas*, 191 A.3d 938, 952 (Pa. Cmwlth. 2018). As has been oft explained:

> This Court . . . cannot upset [a] trial court's credibility determinations or reweigh the evidence to reach a finding contrary to [a] trial court. Inconsistencies in the evidence go to the weight of the evidence, and we will respect a trial court's findings with regard to the credibility and weight of the evidence unless the [litigants] can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence.

*Id.* (internal citations and quotation marks omitted).

Here, in their brief, Appellants provide a lengthy summation of their view of the evidence but with no application as to how such evidence renders the

---

[8] Additionally, we observe that, in light of our determination that the Determination Petition contained the functional equivalent of timely preliminary objections, any Trial Court error in not allowing the testimony of Airport Counsel regarding the non-filing of preliminary objections was harmless.

13

Trial Court's credibility determinations manifestly erroneous, arbitrary and capricious, or flagrantly contrary to the evidence. Instead, Appellants recap the evidence and simply conclude that "[i]t was simply not possible for the [T]rial [C]ourt to conclude that all witnesses were credible." Appellants' Br. at 46. We do not agree with this conclusion.

The Trial Court in this matter conducted a full evidentiary hearing and sat through the testimony of all the witnesses and determined that "all of the witnesses were credible and made no willful attempts to give false testimony." Trial Court Opinion at 17. The Trial Court specifically discussed shortcomings and contradictions in various witnesses' testimony. *See* Trial Court Opinion at 17-18. Notwithstanding Appellants' somewhat disjointed arguments, we find nothing in the record to merit overturning the Trial Court's determinations regarding the credibility and weight of evidence presented before it, which determinations are within the exclusive province of the trial court. *Laurel Rd. Homebuilders*. As such, Appellants' claims of error regarding the Trial Court's credibility determinations lack merit.

### IV. Conclusion

For the above reasons, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew L. Breck and         :
Crystal Anne Breck,            :
                 Appellants   :
                          :
         v.                 :
                          :
Pittsburgh-Butler Regional Airport,  :    No. 896 C.D. 2023
a/k/a Butler County Airport       :

# **O R D E R**


       AND NOW, this 6th day of November, 2024, the August 3, 2023 order of the Court of Common Pleas of Butler County is AFFIRMED.


                                _____

                                CHRISTINE FIZZANO CANNON, Judge