LINDE ENTERPRISES, INC.

v.

**LACKAWANNA RIVER BASIN SEWER AUTHORITY,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 2006.
Decided Nov. 22, 2006.

William P. Bresnahan, Pittsburgh, for appellant.

Ronnie Jennifer Fischer, Honesdale, for appellee.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge.

OPINION BY President Judge COLINS.

The Lackawanna River Basin Sewer Authority (Authority) appeals from the order of the Wayne County Court of Common Pleas (trial court) that denied the Authority's preliminary objections (Preliminary Objections) and ordered the Board of Viewers to continue to function pursuant to the Pennsylvania Eminent Domain Code (Code).[1]

In June, 2005, Linde Enterprises, Inc. (Linde), owner of various parcels of property in a Wayne County subdivision, filed a civil complaint alleging counts for negligence, nuisance, and inverse condemnation. Linde alleged that the Authority had begun a major expansion of its waste water treatment plant located adjacent to Linde's property, including a new combined sewer overflow discharge point. Linde alleged that part of the expansion would greatly increase noise and noxious odors coming from the plant onto its property.

The Authority filed preliminary objections in August, 2005. The Authority contended that Linde's allegations were insufficient as a matter of law to support viable claims on all three counts because they were based on events that have not yet occurred. In September, prior to scheduling a hearing on the preliminary objections, the trial court held a status conference. According to Linde, and as stated by the trial court in a 'Statement of Reasons' issued on January 10, 2006 and discussed below, the conference resulted in the parties agreeing that: 1) Linde would withdraw the negligence and nuisance counts; 2) Linde would file an amended complaint alleging inverse condemnation only; and 3) a Board of Viewers would be appointed.

Subsequent to the status conference, the trial court issued an order providing that Linde's complaint be amended within twenty days; giving the parties thirty days to view the site; and stating that a Board of Viewers would be appointed within sixty days. On October 19, 2005 Linde filed an amended complaint. On November 1, 2005 the trial court issued an order appointing a Board of Viewers. On November 10, the Authority's counsel withdrew and new counsel filed Preliminary Objections to the amended complaint, citing Linde's failure to request an appointment of viewers pursuant to the Code and failure to allege facts sufficient to sustain a *de facto* taking.[2] Linde responded with pre-

---

1. Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended,* formerly 26 P.S. §§ 1–101–1–903, repealed by Section 5 of the act of May 4, 2006, P.L. ——, Act 2006–34, effective Sept. 1, 2006.

2. In addition to its failure to request an appointment of viewers to ascertain just com-

liminary objections to, and motion to strike, the Authority's Preliminary Objections.

On January 4, 2006, a hearing was held on the Preliminary Objections. (New) counsel for the Authority argued that Linde had initiated a civil action by filing a complaint under the Pennsylvania Rules of Civil Procedure, which are not applicable in eminent domain actions, and that Linde should have properly filed a Petition for the Appointment of Viewers alleging the *de facto* taking in accordance with the Code, thus providing the Authority the proper avenue to challenge Linde's allegations. At this hearing, the Authority's counsel stated, "*[N]o viewers have been appointed in this case,* there hasn't even been a request for viewers and there has been no petition for the appointment of viewers." (R.R. at 88a) (emphasis added).

Linde's counsel countered that a Board of Viewers had in fact been appointed, pursuant to the agreement reached by the parties at the September status conference wherein counsel for the Authority had agreed that Linde would go forward with an inverse condemnation claim and that a Board of Viewers would be appointed. Counsel for the Authority then stated that he was not aware of the trial judge's order appointing viewers.

■ The trial court issued an order on January 10, 2006 denying both the Authority's Preliminary Objections and Linde's preliminary objections thereto, and directing that the Board of Viewers continue to operate. In March, 2006, the trial court

issued a 'Statement of Reasons' indicating that during the argument, it became apparent that Authority's counsel was unaware of the procedural history of the case, and especially the substance of the status conference; therefore, the trial court stated, it had issued the January 10 order. It is from that order that the Authority appeals.[3]

On appeal, the Authority avers that Linde failed to follow proper procedure and meet requirements pursuant to the Code when it filed an amended civil complaint alleging a *de facto* taking instead of a petition for the appointment of viewers; the Authority contends that the trial court had no authority to appoint viewers where no petition had been filed pursuant to the Code. The Authority further asserts that Linde failed to allege and prove that the events it claims in the inverse condemnation allegation have occurred, and therefore Linde has failed to sufficiently allege an inverse condemnation.

Linde contends that the trial court's denial of the Authority's Preliminary Objections was proper as to both the form and the content of Linde's inverse condemnation claim because the Authority waived its objections to form when it agreed at the status conference that Linde would proceed by filing an amended complaint, and any procedural defects in the amended complaint are minimal. Linde further argues that the Authority's objection as to the legal sufficiency of Linde's allegation of a *de facto* taking has no merit, because it can be inferred from the undisputed facts that the Authority's actions will re-

---

pensation pursuant to § 502(a)(6) of the Code, the Authority alleged Linde's failure to caption its pleading as an "in rem" (§ 502(e)) and failure to adequately describe the proposed property taken (§ 502(a)(5)).

**3.** Our scope of review in an eminent domain matter is limited to determining whether the

trial court abused its discretion or committed an error of law and whether the findings of the trial court are supported by substantial evidence. *R & J Holding Co. v. Redevelopment Authority of County of Montgomery,* 885 A.2d 643 (Pa.Cmwlth.2005), *appeal denied,* 587 Pa. 703, 897 A.2d 462 (2006).

sult in deprivation to the use and enjoyment of Linde's property.

■ It is well established that the Code provides the exclusive method and practice governing eminent domain proceedings, including *de facto* takings. Section 502(e) of the Code provides that that if there has been a compensable injury suffered and no declaration of taking filed, a condemnee may file a petition for the appointment of viewers substantially in the form of Section 502(a). Section 504 of the Code provides the procedure following the filing of a petition for appointment of a board of viewers; it is from Section 504 that the trial court receives its authority to appoint viewers:

> § 1–504. Appointment of Viewers; Notice —
>
> *Upon the filing of a petition for the appointment of viewers,* the court, unless preliminary objections to the validity of the condemnation or jurisdiction, warranting delay, are pending, shall promptly appoint three viewers, who shall view the premises, hold hearings, and file a report. (26 P.S. § 1–504 emphasis added).

In the case *sub judice,* the trial court erroneously moved to appoint a board of viewers prior to arriving at the necessary determination that a *de facto* taking had in fact occurred. The Court of Common Pleas, not the Board of Viewers, determines whether a petition for the appointment of viewers alleges a *de facto* cause of action, resolves factual issues raised by preliminary objections, and determines whether or not a *de facto* taking has occurred. *Stein v. Department of Transportation,* 24 Pa.Cmwlth. 524, 357 A.2d 738 (1976); *Petition of Ramsey,* 20 Pa.Cmwlth. 207, 342 A.2d 124 (1975); *Jacobs v. Nether Providence Township,* 6 Pa.Cmwlth. 594, 297 A.2d 550 (1972).

■ Notwithstanding Linde's failure to file a petition for the appointment of viewers as required by the Code, the Authority filed Preliminary Objections to Linde's amended complaint. The trial court held a hearing on January 4, 2006, but failed to resolve the factual issues raised by the Preliminary Objections, and failed to make a determination as to whether or not a *de facto* taking had occurred. In eminent domain proceedings, preliminary objections serve a different purpose than preliminary objections filed in other civil actions; in eminent domain cases, preliminary objections are intended as a procedure to resolve expeditiously the factual and legal challenges to a declaration of taking before the parties proceed to determine damages. *In re A Condemnation Proceeding by South Whitehall Township,* 822 A.2d 142 (Pa.Cmwlth.2003).

Section 504 of the Code also states, "[i]f an issue of fact is raised, evidence may be taken...." 26 P.S. § 1–504. In addressing the provisions of Section 504, this Court has held that when preliminary objections are filed in a *de facto* taking case,

> [t]he trial court must determine first whether, as matter of law, the averments of the petition for the appointment of viewers, taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or allowed to be amended. If the averments, taken as true, *might* establish a de facto taking the trial court must take evidence by depositions, or otherwise, *so that a judicial determination might be made.*

*Hill v. City of Bethlehem,* 909 A.2d 439 (Pa.Cmwlth.2006), (quoting *Stein v. City of Philadelphia,* 125 Pa.Cmwlth. 225, 557 A.2d 1137, 1140 (1989)).

■ This Court examined relevant sections of the Code and the case law, as well as the role of the trial court and the role of preliminary objections in eminent domain proceedings in *Millcreek Township v. N.E.A. Cross Company,* 152 Pa.Cmwlth. 576, 620 A.2d 558 (1993), *appeal denied,* 537 Pa. 655, 644 A.2d 739 (1994). In Millcreek, the Court established that a case may not be sent to a board of viewers to determine damages until the Court of Common Pleas makes a determination that a taking has occurred. Preliminary objections are the exclusive method under the Code of raising legal and factual objections to a petition for appointment of viewers that alleges a *de facto* taking, and the petition may not be dismissed by the trial court without first conducting an evidentiary hearing to determine whether a *de facto* taking has occurred. *Holmes Protection of Pittsburgh, Inc. v. Port Authority of Allegheny County,* 90 Pa.Cmwlth. 342, 495 A.2d 630 (1985), *appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988).

■ We conclude that the trial court erred in its appointment of viewers prior to the filing by Linde of a request for the appointment of viewers as mandated by the Code; in doing so, the trial court denied the Authority the proper avenue to challenge Linde's allegations. Once presented with the averments of a petition for the appointment of viewers, and any preliminary objections thereto, the trial court may then take evidence by depositions, or otherwise, and proceed to a determination as to whether a *de facto* taking has occurred, prior to appointing viewers. Accordingly, we reverse the trial court and remand this matter, with instructions to sustain the Authority's Preliminary Objections, without prejudice to Linde's rights to initiate an eminent domain action pursuant to the statutory mandates of the Code, and without prejudice to Linde's right to pursue any actions in nuisance or negligence that may be allowable under the laws of the Commonwealth, and to dismiss the Board of Viewers until such time as the appointment of a Board of Viewers is appropriate pursuant to the Code.

## ORDER

AND NOW, this 22nd day of November 2006, the order of the Wayne County Court of Common Pleas is hereby REVERSED; this matter is remanded with instructions to sustain the Preliminary Objections of the Lackawanna Basin Sewer Authority, without prejudice to the rights of Linde Enterprises, Inc. to initiate an eminent domain action pursuant to the statutory mandates of the Eminent Domain Code, and without prejudice to the rights of Linde Enterprises, Inc. to pursue any actions in nuisance or negligence that may be allowable under the laws of the Commonwealth, and to dismiss the Board of Viewers.

Jurisdiction relinquished.