IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carl Hughes, Ellen Hughes, | : | **CASES NOT CONSOLIDATED** |
| Bruce Hughes, and Margaret Hughes, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 629 C.D. 2016 |
| UGI Storage Company | : | Argued:  September 14, 2016 |
| | : | |
| | : | |
| | : | |
| | : | |
| John Albrecht, individually and on | : | |
| behalf of all others similarly situated, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 630 C.D. 2016 |
| UGI Storage Company | : | Argued:  September 14, 2016 |


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ROBERT E. SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE JULIA K. HEARTHWAY, Judge
HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                    FILED:  March 13, 2017


These matters are before this court on separate appeals from orders of

the Court of Common Pleas of Tioga County (trial court) that sustained UGI

Storage Company's preliminary objections and dismissed Appellants' Petitions for

the Appointment of a Board of Viewers.[1]  For reasons set forth below, we vacate and remand.

UGI Storage Company (UGI) filed an application with the Federal Energy Regulatory Commission (FERC) in 2009 seeking to operate underground natural gas storage facilities, including a gas storage field (the Meeker Storage Field).  UGI further sought to delineate a 2,980 acre protective buffer zone (Meeker Buffer Zone) around the Meeker Storage Field.  On October 10, 2010, FERC granted UGI's application to operate the Meeker Storage Field and certified portions of the Meeker Buffer Zone for those areas to which UGI had property rights.  The FERC order indicated that UGI "may file a further application to include other areas within the certificated buffer zone at a later date, [after] complying with [FERC's] landowner notification requirements." (Hughes Reproduced Record (R.R.) at 66a.)

To date, UGI has not acquired rights to properties of the Appellants which are located within the Meeker Buffer Zone.  UGI has further failed to implement the owner notification program as part of the eminent domain process, but has used and continues to use the benefit of the complete protective Meeker Buffer Zone.

On November 5, 2015, John Albrecht, on behalf of himself and a class of similarly-situated individuals, filed a Class Action Petition with the trial court

---

[1] The cases before this court are docketed separately; however, the issues raised by Appellants are identical.  A request to consolidate the cases was denied because separate certified records were filed.  This Court will address the matters with one opinion, however, since our conclusions are the same for each.  For the sake of simplicity, citations to the reproduced record or briefs of the parties will reference documents filed in *Hughes v. UGI*, 629 C.D. 2016, unless the document differs substantively from that which was filed in *Albrecht v. UGI,* 630 C.D. 2016.  In such an instance, a citation to each record will be included.

2

for the appointment of a Board of Viewers pursuant to Section 502 of the Pennsylvania Eminent Domain Code (Code).[2] On November 13, 2015, Carl F. Hughes, Ellen B. Hughes, h/w, and Bruce D. Hughes and Margaret K. Hughes, h/w, filed an Amended Petition for the appointment of a Board of Viewers pursuant to the Code. All parties alleged that UGI effected a de facto taking of certain subsurface mineral rights within a buffer zone surrounding UGI's Meeker Storage Field – a buffer zone for which UGI sought certification and that was partially certified by FERC.

---

[2] 26 Pa.C.S. § 502. Petition for appointment of viewers.

…

**(c) Condemnation where no declaration of taking has been filed.--**

(1) An owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) setting forth the factual basis of the petition.

(2) The court shall determine whether a condemnation has occurred, and, if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned.

(3) The court shall enter an order specifying any property interest which has been condemned and the date of the condemnation.

(4) A copy of the order and any modification shall be filed by the condemnor in the office of the recorder of deeds of the county in which the property is located and shall be indexed in the deed indices showing the condemnee as grantor and the condemnor as grantee.

….

3

After UGI failed to timely file preliminary objections to either Petition, the trial court entered Orders for both matters on January 6, 2016, affirmatively finding that UGI effected a de facto taking of the oil, gas, and mineral rights at issue, and appointing a Board of Viewers. UGI thereafter filed preliminary objections for both matters on January 14, 2016, asserting that the Petitions should be dismissed on grounds that UGI does not have the power of eminent domain and Appellants did not establish a de facto taking occurred.

On January 19, 2016, the trial court entered a Scheduling Order for a proceeding to address the preliminary objections, and held the same on February 24, 2016. Supplemental briefing schedules were issued thereafter, with UGI then filing a response to Appellants' Memoranda and Affidavits. On April 4, 2016 the trial court sustained UGI's preliminary objections, dismissed both the Class Action Petition and Amended Petition for the Appointment of a Board of Viewers and vacated the January 6, 2016 Orders appointing a Board of Viewers. Appellants appealed to this court.[3]

On appeal, Appellants ask this court to review three issues: (1) whether the trial court erred in finding that UGI does not have the power of eminent domain with respect to Appellants' property situated within the protective buffer zone surrounding UGI's Meeker Storage Field; (2) whether the trial court erred in concluding that, for those properties in the protective buffer zone for which UGI sought certification from FERC, UGI's actions did not constitute a de

---

[3] In an eminent domain case disposed of on preliminary objections, this Court is limited to determining if common pleas' necessary findings of fact are supported by competent evidence and if an error of law or an abuse of discretion was committed. *In re Sunoco Pipeline, L.P.*, 143 A.3d 1000, 1014 n. 17 (Pa. Cmwlth. 2016); *Stark v. Equitable Gas Co., LLC,* 116 A.3d 760, 765 n. 8 (Pa. Cmwlth. 2015).

facto taking; and, (3) whether the trial court abused its discretion in refusing to consider the Affidavits that were submitted as attachments to Appellants' Supplemental Memoranda of Law in Further Opposition to UGI's Preliminary Objections.

Appellants first argue that the trial court erred in finding that UGI did not have the power of eminent domain with respect to Appellants' property located within the buffer zone.   Appellants rely in part on the language of Section 3241 of the Oil and Gas Act (Act) that allows a corporation empowered to transport, sell or store natural gas or manufactured gas in this Commonwealth to appropriate an interest in real property located in a storage reservoir or reservoir protective area for storage of natural gas in a stratum which is or previously has been commercially productive of natural gas.[4]

The Supreme Court recently issued its decision in *Robinson Township v. Commonwealth*, 147 A.3d 536 (Pa. 2016) (*Robinson IV*) which addressed, in part, the issue of whether 58 Pa. C.S. § 3241 is constitutional as it grants a corporation the power of eminent domain to take private property for a private purpose. The Court recognized that while the Commonwealth possesses the power of eminent domain and may delegate that power to other entities, this power of delegation is not plenary, as it is restrained by our federal and state Constitutions, and may be further limited by statute. *Id.* at 586. The primary limitation on the exercise of this power is that private property may only be taken to serve a public purpose. *Id.* In order to satisfy this requirement "'the public must be the primary and paramount beneficiary of the taking.'" *Id., citing In re Opening Private Road for Benefit of O'Reilly*, 5 A.3d 246 (Pa. 2010).

---

[4] 58 Pa.C.S. § 3241.

5

The Court stated that, on its face, § 3241(a) confers a broad power on private corporations to use the private property of a landowner to store natural gas thereon. 147 A.3d at 587. "This type of forced use of another landowner's property unquestionably deprives that landowner of the use and enjoyment of the subterranean portion of the property, given that natural gas is now physically occupying it; hence, it constitutes a de facto taking by the corporation. *Id*., *citing McElwee v. Southeastern Pennsylvania Transportation Authority a/k/a SEPTA*, 948 A.2d 762, 765 n. 2 (Pa. 2008). The Court therefore concluded that § 3241 was unconstitutional as it violates the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution. *Id*. at 589.

For its part, UGI argues that it only has the power of eminent domain over the properties that are certified by FERC, and presently, it has not instituted a taking of Appellants' property. But since the decision in *Robinson IV* goes to the heart of the parties' issues, we must, in fairness, remand to allow the trial court to address that decision's impact on this matter. This is especially so given the sparse record we have before us. While the trial court had ordered a "hearing/argument/conference" on January 19, 2016 regarding UGI's preliminary objections, in February, the trial court held what was "essentially an informal conference." (Hughes' Brief at 5a.) For these reasons, we remand to the trial court and direct that it conduct an evidentiary hearing (as was initially intended) with specific direction that *Robinson IV's* impact be addressed at that level. Further, since briefing in this case was completed prior to this court's issuance of its opinion in *In re Sunoco Pipeline, L.P.,* 143 A.3d 1000 (Pa. Cmwlth. 2016), the trial court is further directed to address the impact of that decision on the issues

6

presented in this case. Any proceedings at the trial level, whether argument or evidentiary hearing, are to be conducted on the record.


_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Hughes, Ellen Hughes,     :
Bruce Hughes, and Margaret Hughes,     :
            Appellants     :
    :
    :
            v.     :
    :   No. 629 C.D. 2016
UGI Storage Company     :
    :
    :
    :
    :
John Albrecht, individually and on     :
behalf of all others similarly situated,     :
            Appellant     :
    :
            v.     :
    :   No. 630 C.D. 2016
UGI Storage Company     :

## O R D E R

AND NOW, this 13th day of March, 2017, the orders of the Court of Common Pleas of Tioga County are vacated and this matter is remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Hughes, Ellen Hughes, : **CASES NOT CONSOLIDATED**
Bruce Hughes, and Margaret Hughes, :
                Appellants :
                 :
          v. : No. 629 C.D. 2016
                 :
UGI Storage Company :

John Albrecht, individually and on :
behalf of all others similarly situated, :
                Appellant :
                 :
          v. : No. 630 C.D. 2016
                 : Argued: September 14, 2016
UGI Storage Company :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

## OPINION NOT REPORTED

**CONCURRING OPINION**
**BY JUDGE SIMPSON**           **FILED: March 13, 2017**

These class action lawsuits asserting a *de facto* condemnation involve the Meeker Buffer Zone, a buffer zone around an underground gas storage facility in Tioga County proposed by UGI Storage Company (UGI). Plaintiffs/appellants own property in the proposed buffer zone. One principal issue is whether UGI has the power of condemnation with regard to plaintiffs'/appellants' properties in the absence of a certificate of public convenience (or its equivalent) issued by the appropriate state or federal regulatory body.

I concur in the result reached by the Majority, which is a remand to the trial court in part to determine the impact of our Supreme Court's recent decision in <u>Robinson Township v. Commonwealth</u>, 147 A.3d 536 (Pa. 2016) (<u>Robinson Twp. IV</u>). In <u>Robinson Twp. IV</u>, the Court held that a statutory provision upon which plaintiffs/appellants rely in asserting UGI's power of condemnation, Section 3241 of Act 13, 58 Pa. C.S. §3241, is unconstitutional.

I write separately to more clearly explain the Majority's additional brief reference to this Court's recent decision in <u>In re Sunoco Pipeline, L.P.</u>, 143 A.3d 1000 (Pa. Cmwlth. 2016) (<u>en</u> <u>banc</u>).

Plaintiffs/appellants also rely on Sections 102 and 1103 of the Public Utility Code, 66 Pa. C.S. §§102, 1103 (definitions of "public utility"), and Section 1511(a)(3) of the Business Corporation Law of 1988, 15 Pa. C.S. §1511(a)(3) (public utility corporation shall have right to condemn property for storage of natural or artificial gas). Br. of Appellants at 19a-21a. Plaintiffs/appellants assert that the issuance of a "certificate" to establish a buffer zone ancillary to a gas storage facility under their properties is not a precondition to UGI's possessing condemnation power with respect to those properties as a matter of state law. <u>Id.</u> at 10a-11a. Significant for the current discussion, plaintiffs/appellants do *not* assert that UGI has a certificate from either the Pennsylvania Public Utility Commission (PUC) or its federal equivalent, the Federal Energy Regulatory Commission (FERC), to establish a buffer zone ancillary to a gas storage facility under their properties.

Unfortunately, in their state law argument plaintiffs/appellants do not cite Section 1104 of the Public Utility Code, 66 Pa. C.S. §1104. That Section provides that unless the power of eminent domain existed under prior law, "no domestic public utility … authorized to do business in this Commonwealth shall exercise any power of eminent domain within this Commonwealth until it shall have received the certificate of public convenience required by section 1101 (relating to organization of public utilities and beginning of service)." Id. (emphasis added). Thus, state law usually requires a certificate prior to the exercise of eminent domain by a public utility.

The reasoning behind this statutory requirement was addressed in our recent decision in In re Sunoco Pipeline: "A [certificate of public convenience] issued by the PUC is prima facie evidence that there is a public need for the proposed service and that the holder is clothed with the eminent domain power." In re Sunoco Pipeline, 143 A.3d at 1018 (emphasis added). Stated differently, under state law the appropriate certificate from the controlling regulatory body demonstrates that the underlying public need has been addressed and the public utility may exercise a power of eminent domain.

Both Section 1104 of the Public Utility Code, which modifies the definition of "public utility" in Section 1103 of the Public Utility Code quoted by plaintiffs/appellants, and our recent decision in In re Sunoco Pipeline, pertain to the assertion that UGI does not need a certificate to establish a buffer zone ancillary to a gas storage facility under plaintiffs'/appellants' properties before

enjoying the power of eminent domain over those properties. Thus, the trial court is encouraged to consider them on remand.

_____

ROBERT SIMPSON, Judge


Judge Covey joins in this concurring opinion.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carl Hughes, Ellen Hughes, | : | **CASES NOT CONSOLIDATED** |
| Bruce Hughes, and Margaret Hughes, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 629 C.D. 2016 |
| | : | |
| UGI Storage Company | : | |
| | : | |
| | : | |
| John Albrecht, individually and on | : | |
| behalf of all others similarly situated, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 630 C.D. 2016 |
| | : | Argued: September 14, 2016 |
| UGI Storage Company | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE JULIA K. HEARTHWAY, Judge
HONORABLE JOSEPH M. COSGROVE, Judge

*__OPINION NOT REPORTED__*

DISSENTING OPINION BY
JUDGE McCULLOUGH                                              FILED:  March 13, 2017

I respectfully dissent from the Majority's thoughtful decision insofar as

it fails to address the merits of the class-action plaintiffs' claims.[1]

---

[1] In its opinion, the Majority does not discuss whether the averments in the class-action plaintiffs' petitions state a valid cause of action for a de facto taking, which is a threshold **(Footnote continued on next page…)**

In this case, UGI Storage Company (UGI) has already obtained certification from the Federal Energy Regulatory Commission (FERC) to utilize and devote a substantial portion of a "buffer zone" to protect its natural gas interests and storage field boundary. The class-action plaintiffs are quarantined in a small part of the "buffer zone." UGI has already sought certification from FERC to condemn the

---

**(continued…)**

determination that must be made before an evidentiary hearing is held. *See Linde Enterprises, Inc. v. Lackawanna River Basin Sewer Authority,* 911 A.2d 658, 661 (Pa. Cmwlth. 2006). In *Linde Enterprises*, we explained the procedure to be employed when preliminary objections are filed in a de facto taking case:

> [t]he trial court must determine first whether, as matter of law, the averments of the petition for the appointment of viewers, taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or allowed to be amended. If the averments, taken as true, *might* establish a de facto taking the trial court must take evidence by depositions, or otherwise [e.g., a hearing], *so that a judicial determination might be made.*

*Id.* (emphasis in original and citation omitted.)

Because the Majority does not decide the legal sufficiency (or insufficiency) of the petitions, it is unclear to me what the Majority has exactly determined in its opinion and why it is remanding the case to the trial court. It appears that the predominate purpose for the Majority's remand is for the trial court and the parties to discuss *Robinson Township v. Commonwealth*, 147 A.3d 536 (Pa. 2016), and *In re Sunoco Pipeline, L.P.,* 143 A.3d 1000 (Pa. Cmwlth. 2016). (*See* Maj. op. at 5-6.) However, the Supreme Court in *Robinson Township* unequivocally held that power of eminent domain conferred on private corporations in section 3241(a) of Act 13, 58 Pa. C.S. §3241(a), is facially unconstitutional and enjoined its enforcement; therefore, it is obvious that this statute cannot clothe UGI with the power of eminent domain and has no bearing on the present matter. Moreover, our decision in *In re Sunoco Pipeline*, although providing an illustrative and informative example of when a public utility seeks to condemn property to construct pipelines for the shipment of natural gas and petroleum, has no readily discernable impact or application to the particular facts and circumstances of this case.

class-action plaintiffs' property. Although UGI's proposed condemnation of the class-action plaintiffs' property is clearly within the scope of the condemnation power contained in section 717f(h) of the Natural Gas Act, 15 U.S.C. §717f(h),[2] FERC denied certification on the relatively technical ground that UGI failed to properly notify the class-action plaintiffs and inform them of their right to protest the proposed taking. Assuming that UGI desires to safeguard its business assets, it is entirely reasonable for a fact-finder to believe or infer that UGI will try to condemn the class-action plaintiffs' property in the future.

Despite the fact that UGI has not received certification from FERC to obtain the class-action plaintiffs' property or commenced a de jure condemnation, the end result is that the brunt of the harm has been inflicted, and the wound remains and will continue to remain. The class-action plaintiffs are isolated on an island in a "buffer zone" in which oil and gas drilling cannot occur. UGI's actions and conduct are a matter of public record and any person interested in the class-action plaintiffs' subsurface mineral rights would discover through the exercise of due diligence that UGI has attempted – and most likely will attempt in the future – to condemn the class action plaintiffs' property. *See Conroy-Prugh Glass Company v. Commonwealth of Pennsylvania, Department of Transportation*, 321 A.2d 598, 602 (Pa. 1974).[3] It should come as no surprise, then, that the class-action plaintiffs have asserted a de

---

[2] *See also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1097 (9th Cir. 2008); *Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement*, 776 F.2d 125, 128-29 (6th Cir. 1985).

[3] *See also McCracken v. City of Philadelphia*, 451 A.2d 1046, 1050 (Pa. Cmwlth. 1982); *Petition of Cornell Industrial Electric, Inc.*, 338 A.2d 752, 753-54 (Pa. Cmwlth. 1975).

facto taking, alleging that UGI has essentially placed an ever-present dooming cloud over their island in the "buffer zone," and, as a result, they are unable to enter into lucrative leases with third-parties for oil and gas exploration. *See Robinson Township v. Commonwealth*, 147 A.3d 536, 587 (Pa. 2016).

Accepting the allegations in the class-action plaintiffs' petitions as true, I would conclude that they are sufficient to entitle the class-action plaintiffs to the appointment of viewers and that the trial court erred in granting UGI's preliminary objections. Accordingly, I would reverse the trial court's order and remand to the trial court to convene a hearing on the merits of the class-action plaintiffs' claims and any factual issues related thereto. *See Linde Enterprises, Inc. v. Lackawanna River Basin Sewer Authority,* 911 A.2d 658, 661-62 (Pa. Cmwlth. 2006).

_____
PATRICIA A. McCULLOUGH, Judge