IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of the :
Property of Carl and Rosemary :
LeFever, Located at :
445 Tyson Road, Schwenksville, :
Lower Salford Township :
:
Carl and Rosemary LeFever, :
:
Appellants :
:
v. : 1251 C.D. 2016
: Submitted: May 1, 2017
Lower Salford Township :
Authority and Lower Salford :
Township :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                      FILED: May 31, 2017


        Carl LeFever and Rosemary LeFever (Owners)[1] appeal from the
June 16, 2016 order of the Court of Common Pleas of Montgomery County (trial
court) granting the preliminary objections filed by Lower Salford Township

---

[1] The record reflects that Carl LeFever died prior to the June 16, 2016 hearing. Reproduced Record (R.R.) at 39.

(Township) to Owners' Petition for Appointment of a Board of Viewers (Petition). We affirm.

Owners are the record owners of property located at 445 Tyson Road, Schwenksville, Lower Salford Township, Montgomery County, Pennsylvania. On May 3, 2004, Owners entered into an agreement with the Township for a "Permanent Stormwater and Guiderail Easement and Temporary Construction and Grading Easement for Roadway Slopes." R.R. at 67-76. The Township easement agreement granted the Township a permanent right of way and easement for the collection and discharge of storm water over, under, and through a portion of the property as set forth on Exhibit A to that agreement. R.R. at 69, 76. It provided that the Township could perform construction and grading as reflected on the plan for the placement of 100 feet of under drain on the west side of a culvert to replace existing piping. It also provided a guiderail easement to construct and maintain a guiderail in the areas shown on the exhibit, as well as a temporary construction easement for the construction and grading of roadway slopes. The work was performed in 2005. R.R. at 56.

On July 5, 2005, Owners executed a "Deed of Easement" to the Lower Salford Township Authority (Authority), permitting the Authority to install a sewer line force main along Tyson Road on Owners' property. Owners received approximately $9,000.00 in credit against their sewer assessment as compensation for this easement.

On July 15, 2011, Owners filed a Petition for Appointment of a Board of Viewers (Petition), naming the Authority and the Township as Condemnors. In relevant part, the Petition alleges as follows:

2

3. A Deed of Easement Agreement was entered into between [Owners] and the [Authority] on July 5, 2005, that permitted the Defendants/Condemnors to install a sewer force main along Tyson Road on [Owners'] property.

3.[2] Pursuant to the aforesaid Easement Agreement, the Defendants/Condemnors installed a sewer force main along Tyson Road on [Owners' property]. Construction began after July 15, 2005.

4. The installation of the aforesaid force main resulted in damage being done to [Owners'] property, subsequent to the date of the Easement Agreement, in that a steep incline has been created along the side of Tyson Road upon [Owners'] property.

5. The steep incline described above herein has resulted in severe puddling along [Owners'] property and has also resulted in the creation of a swale upon the property.

6. As a result of the steep incline and swale caused by Defendants'/Condemnors' actions it is now impossible to access certain portions of [Owners'] property.

7. As a result of the above actions, Defendants/ Condemnors (Lower Salford Authority and Lower Salford Township) have effected a de facto condemnation of [Owners'] property.

Petition, ¶¶3-7, Supplemental Reproduced Record (S.R.R.) at 3b-4b. Further alleging that no compensation had been paid and no declaration of taking had been filed, Owners requested the appointment of a board of viewers for a determination of damages. S.R.R. at 4b-5b.

The Authority filed preliminary objections (POs) to Owners' Petition on August 4, 2011. On September 11, 2011, Owners filed an answer to the POs,

---

[2] Two separate paragraphs are numbered "3."

and the Township joined in the POs. R.R. at 406. The POs assert that, in light of the easement agreements, Owners' vague description of the property alleged to have been condemned as a "steep incline along the side of Tyson Road," fails to comply with the requirement of Section 502(a)(5) of the Eminent Domain Code, 26 Pa.C.S. §502(a)(5), that a petition must set forth a "brief description of the property acquired." The POs also assert that the Petition is legally insufficient because the easement agreements reflect that the Authority and the Township were permitted to undertake construction, including grading and modification to the roadway slopes to permit the collection and discharge of storm water within the 40-foot wide drainage easement on the property.

No further action was taken on the matter until, January 14, 2016, when Owners' new counsel requested argument on the POs. On February 22, 2016, the Authority filed a brief in support of its POs which the Township joined on February 24, 2016. On June 2, 2016, the trial court scheduled a hearing on the POs for June 16, 2016.

At the start of the hearing, the parties stipulated to the dismissal of the Authority. Robin K. Youmans, P.E., testified on behalf of the Township; Owners offered no additional evidence. The trial court concluded that Owners' Petition did not set forth an adequate description of the property allegedly condemned and that Owners' claims of a de facto condemnation were legally insufficient. Accordingly, the trial court sustained the POs, and Owners now appeal to this Court.[3]

---

[3] Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *In re Condemnation of Certain Properties*, 822 A.2d 846, 849 n.6 (Pa. Cmwlth. 2003).

4

When reviewing preliminary objections to a petition for appointment of a board of viewers, a court must determine whether, as a matter of law, the averments of the petition for appointment of a board of viewers, taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a de facto taking. *Linde Enterprises, Inc. v. Lackawanna River Basin Sewer Authority*, 911 A.2d 658, 661 (Pa. Cmwlth. 2006). If not, the preliminary objections must be sustained. *Id.*

Section 502(c) of the Eminent Domain Code, 26 Pa. C.S. §502(c), allows a property owner to petition for viewers to secure damages where a compensable injury has been sustained as a result of a condemnation by a condemnor that has not filed a declaration of taking.[4] In all cases, a party alleging a de facto taking bears a heavy burden to establish that a de facto taking has occurred and must allege and prove three elements: 1) the alleged condemnor has the power to condemn the property; 2) there are exceptional circumstances that have substantially deprived the owner of the beneficial use and enjoyment of his property; and 3) the damage to the property interest was the immediate, necessary, and unavoidable consequence of the exercise of the power to condemn (as opposed to some action in the nature of a tort). *Williams v. Borough of Blakely*, 25 A.3d 458, 463 (Pa. Cmwlth. 2011). A de facto taking "is not a physical seizure of

---

[4] Such injuries are distinguished from actions in trespass or negligence. *See, e.g.*, *Espy v. Butler Area Sewer Authority*, 437 A.2d 1269, 1271 (Pa. Cmwlth. 1981). In addition, Section 714 of the Code, 26 Pa. C.S. §714, allows for claims for consequential damages in limited circumstances where a property abutting the area of an improvement is damaged as a result of a "change of grade of a road or highway, permanent interference with access or injury to surface support," which claim may be made "whether or not any property is taken." A claim for consequential damages is separate and distinct from a claim for a de facto taking. *Colombari v. Port Authority of Allegheny County*, 951 A.2d 409, 415 (Pa. Cmwlth. 2008).

property; it is an interference with one of the rights of ownership that substantially deprives the owner of the beneficial use of his property." *Id.* at 465.

The applicable standard for determining whether activity has deprived an owner of the beneficial use and enjoyment of property depends on the type of use involved. *Genter v. Blair County Convention and Sports Facilities Authority*, 805 A.2d 51, 56-57 (Pa. Cmwlth. 2002). For owner-occupied residential properties, if the owner can still use his property as a residence and the whole property will not be condemned, there is no substantial deprivation of the property's highest and best use, and, thus no de facto taking. *Id.*; *Department of Transportation v. Steppler*, 542 A.2d 175, 178 (Pa. Cmwlth. 1988).

Owners acknowledge that the July 5, 2005 easement agreement permitted the Authority to install a sewer force main. However, they now contend that, as installed, the sewer force main extended on their property well beyond the scope of the Authority's easement. Specifically, Owners assert that when the easement agreements were executed, the property had five usable lots and that subsequent to the installation of the sewer force main, their property has been pushed up, creating a steep grade that has limited access on one lot, completely prevented access on three lots, and made access on the final lot, where the house and barn are situated, far more difficult. Further, Owners assert that the grading changes have caused the residential lot to be out of compliance with state and federal regulations, have caused structural defects to the larger barn, and flooded the entirety of another lot. Owners also claim that the installation of the sewer and movement of the road over 18 feet onto their property caused them to lose more than a quarter-acre of their property that was not contemplated in the easement.

6

According to Owners' assertions on appeal, the installed sewer continues to erode their property.

However, Owners do not allege that any specific actions taken by the Township substantially deprived them of the beneficial use of their property. More important, to the extent the above factual assertions implicate the Township, they are not set forth in the Petition, and Owners did not present any evidence to support these assertions at the hearing.[5]

On appeal, Owners first argue that the Township's POs should have been overruled based on the doctrine of estoppel by laches. We disagree. Laches bars relief when the complaining party is guilty of due diligence in failing to institute or prosecute a claim. *Morgan v. Harnischfeger Corp.*, 791 A.2d 1273, 1277 (Pa. Cmwlth. 2002). In this matter, Owners are the complaining party. Thus, Owners had the obligation to move the case forward, as well as the power to do so. Owners assert they "did everything they [could] to defend their rights and seek a resolution," Owners' brief at 11, but they waited more than four years before requesting a hearing. Accordingly, we reject Owners' contention that the POs should have been overruled based on laches.

Owners next argue that the trial court erred in sustaining the POs because the "the record is clear" that the construction violated the terms of the easement, depriving [Owners] of the beneficial use of their property." Owners' brief at 11. In making this argument, Owners rely on the above facts, asserted for the first time in their appellate brief. They also cite Youmans' testimony, and

---

[5] Significant portions of the Reproduced Record are not contained in the certified record. See docket. The certified record includes the transcript of the June 16, 2016 hearing, at which Youmans was the only witness and testified for the Township. The documents submitted at the hearing included Youmans' curriculum vitae and copies of the two easement agreements.

specifically, her statements that she did not confirm that the Township's plans were in accordance with "the deed of easement." Owners' brief at 14. Owners complain that "at no point could [Youmans] indicate that the sewer plan and construction were in accord with the Township's plans." Owners' brief at 14-15. However, Owners' factual assertions are almost entirely addressed to conduct undertaken by the Authority. Additionally, although Owners correctly set forth the burden on a property owner to establish a de facto taking, they argue that the weight of the evidence did not favor the Township. *Id.*

In *In re Condemnation by the Department of Transportation*, 827 A.2d 544 (Pa. Cmwlth. 2003), the Department of Transportation (PennDOT) filed a declaration of taking to obtain an easement over a portion of the landowner's property in connection with a road-widening project. The landowner filed a petition for appointment of viewers and was awarded monetary compensation. Neither party appealed. After construction began, the landowner discovered that the edge of the cartway was closer to his property than originally planned. The landowner filed another petition for appointment of viewers, asserting that the cartway's expansion resulted in a de facto taking of his property. PennDOT filed POs, asserting in part that the landowner received just compensation for the taking years before and that there was no evidence of a de facto taking. The trial court sustained the POs.

On appeal, this Court rejected the landowner's substantial evidence argument, concluding that the trial court's findings were supported by exhibits and the landowner's testimony. Addressing arguments related to water and snow, we stated:

> Water overflow can constitute a de facto taking if the overflow becomes an "actual, permanent invasion of the land amounting to an appropriation thereof, and not

8

merely an injury to the property." Landowner testified when the catch basins clog[,] water enters his property. The trial court held this proof insufficient to constitute a de facto taking. We decline to reconsider the weight of the evidence or to interfere with this determination.

*Id.* at 548-49 (citations omitted). *See also West Penn Power Co. v Bruni*, 387 A.2d 1316 (Pa. Cmwlth. 1978) (overruling a trial court's determination that a de facto taking had occurred because the property owners presented no evidence that the appellant power company had exceeded the rights granted to it in a right-of-way agreement).

Here, Owners rely entirely on Youmans' testimony as evidence that a de facto taking occurred. As illustrated by the excerpts Owners cite on appeal, that testimony is not sufficient to meet their heavy burden of proof.

Owners' final argument is that the trial court erred in granting the second PO because it pertains only to the Authority and the only issue that was properly before the trial court concerned the description of the property.

The second PO challenges the legal sufficiency of Owners' allegations that the Authority effected a de facto taking of their property. That PO is supported in part by averments that: Owners entered into an easement with the Township that permitted the Township to grade and modify the roadway slopes on the property; Owners granted the Township a permanent storm water easement allowing for a permanent right-of-way and easement for the collection and discharge of storm water; and, as a result of the Authority's and Township's easements, there has not been a de facto condemnation of Owners' property. Owners cite no authority to support the contention that the trial court erred in considering these averments.

9

As to the legal sufficiency of the description, Owners merely assert that the testimony of Youmans, the Township's expert witness, demonstrates that the Township "had a clear and full description of the property." Owners' brief at 17. Owners never address the specific terms of the easement(s) and failed to demonstrate that the Township's activity exceeded the easement(s).

Based on the foregoing, we conclude that the trial court properly sustained the Township's POs. Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of the
Property of Carl and Rosemary
LeFever, Located at
445 Tyson Road, Schwenksville,
Lower Salford Township

Carl and Rosemary LeFever,

          Appellants

       v.      : 1251 C.D. 2016

Lower Salford Township
Authority and Lower Salford
Township

## O R D E R

AND NOW, this 31st day of May, 2017, the order of the Court of Common Pleas of Montgomery County, dated June 16, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge