Matthew L. Breck and : 
Crystal Anne Breck, : 
            Appellants : 
         : 
    v. : 
         : 
Pittsburgh-Butler Regional Airport, :   No. 896 C.D. 2023
a/k/a Butler County Airport :   Submitted: October 8, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON               FILED: February 24, 2025

Matthew L. Breck and Crystal Anne Breck (collectively, Appellants) appeal from the August 3, 2023 Opinion and Order of the Court of Common Pleas of Butler County (Trial Court) that held that Appellants failed to prove a *de facto* taking of their property under the Eminent Domain Code (Code),[1] and that the Pittsburgh-Butler Regional Airport a/k/a Butler County Airport (Airport) did not waive its right to challenge whether a *de facto* taking of Appellants' property had occurred. The Trial Court therefore denied Appellants' "Petition for Appointment for [sic] a Board of Viewers pursuant to 26 Pa.C.S.[ §] 502(c)" (Petition). On review, we affirm.

_____

[1] 26 Pa.C.S. §§ 101-1106.

## I. Background

The instant appeal involves Appellants' residence at 384 Brownsville Road, Butler, Pennsylvania (Property), which Appellants purchased from Matthew Breck's parents, and which abuts the western side of the Airport. *See* Trial Court Opinion and Order of Court dated August 3, 2023 (Trial Court Order) at 2-3. On March 30, 2021, Appellants filed the Petition in the Trial Court, alleging that the Airport had taken the Property through a *de facto* taking.[2] *See* Trial Court Order at 1; *see also* Petition, Reproduced Record (R.R.) at 6-12.[3] On April 6, 2021, the Trial Court filed an order granting the Petition and appointing a board of viewers. *See* Trial Court Order at 1; *see also* Order of Court Appointing Board of Viewers (Petition Grant Order), R.R. at 13.

---

[2] "A *de facto* taking is not a physical seizure of property; rather, it is an interference with one of the rights of ownership that substantially deprives the owner of the beneficial use of his property." *York Rd. Realty Co., L.P. v. Cheltenham Twp.*, 136 A.3d 1047, 1050-51 (Pa. Cmwlth. 2016) (quoting *In re Borough of Blakely*, 25 A.3d 458, 463-64 (Pa. Cmwlth. 2011)) (emphasis omitted). The law is well settled that

> [i]n order to prove a *de facto* taking, the property owner must establish exceptional circumstances that substantially deprived him of the beneficial use and enjoyment of his property. This deprivation must be caused by the actions of an entity with eminent domain powers. Also, the damages sustained must be an immediate, necessary and unavoidable consequence of the exercise on the entity's eminent domain powers.

*Id.* at 1050-51 (quoting *Blakely*, 25 A.3d at 463-64) (emphasis and footnote omitted).

[3] We note that the filed Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, which requires pages be separately numbered with Arabic figures followed by a small "a." *See* Pa.R.A.P. 2173. For consistency, we will employ the numbering scheme from the Reproduced Record herein.

Four months later, on August 6, 2021, the Airport filed its "Petition for Determination of Issues Under 26 Pa.C.S. § 502(c)(2)" (Determination Petition), in which it requested that the Trial Court issue a determination as to whether the Petition established that a *de facto* taking of the Property had occurred. *See* Trial Court Order at 2; *see also* Determination Petition, R.R. at 17-50. Appellants thereafter filed "Condemnees' Answer to Condemnor's Petition for Determination of Issues Under 26 Pa.C.S. Section 502(c)(2)" (Answer to Determination Petition), in which they argued that the Airport had waived its right to object to the allegations of the Petition by failing to timely file preliminary objections thereto. *See* Trial Court Order at 2; *see also* Answer to Determination Petition, R.R. at 51-71.

On May 19, 2022, the Trial Court issued a Memorandum Opinion and Order of Court (Determination Petition Opinion), in which it held that a determination as to whether a *de facto* taking had occurred must precede the appointment of a board of viewers, and that the filing of preliminary objections can only be filed after the appointment of a board of viewers. *See* Trial Court Order at 2; *see also* Determination Petition Opinion at 4-7.

In February of 2023, the Trial Court thereafter conducted an evidentiary hearing to determine whether a *de facto* taking of the Property occurred (Evidentiary Hearing). *See* Trial Court Order at 2; *see also* Notes of Testimony, February 10, 2023, R.R. at 293-585; Notes of Testimony, April 21, 2023, R.R. at 101-292. Following the Evidentiary Hearing and further briefing and argument of the parties, on August 3, 2023, the Trial Court issued the Trial Court Order finding that Appellants failed to establish a *de facto* taking of the Property and that the Airport

3

had not waived its right to challenge the occurrence of such a taking.[4] *See generally* Trial Court Order.  This appeal followed.[5]

## II. Issues

On appeal, Appellants claim the Trial Court erred in three ways.  First, Appellants claim that the Trial Court committed an error of law by concluding that the Airport could not file preliminary objections in this matter until after the Trial Court determined whether a *de facto* taking occurred, which determination the Trial Court held it was duty-bound to make.  *See* Appellants' Br. at 22-29.  Next, Appellants claim the Trial Court erred by determining that the Trial Court was responsible for determining whether a condemnation occurred.  *See* Appellants' Br. at 29-33.  Finally, Appellants argue that the Trial Court erred by not allowing Appellants to call the Airport's attorney (Airport Counsel) as a witness and by making certain witness credibility determinations.  *See* Appellants' Br. at 34-46.

---

[4] We observe that, by virtue of determining that no condemnation occurred for the previously appointed board of viewers to review, the Trial Cout Order effectively vacated the Petition Grant Order.  We further observe that no party argues that the Trial Court Order is not the operative order herein.

[5] "Our [] review in an eminent domain matter is limited to determining whether the trial court abused its discretion [or] committed an error of law or whether the findings of the trial court are supported by sufficient evidence."  *R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery*, 885 A.2d 643, 648 n.4 (Pa. Cmwlth. 2005) (citing *Captline v. County of Allegheny,* 727 A.2d 169, 172 (Pa. Cmwlth. 1999)).

4

# III. Discussion

## A. *Waiver of Preliminary Objections and Evidentiary Hearing Thereon*

We first address Appellants' first two claims, which are interrelated.[6] Initially, we observe that Section 502(c) of the Code concerns the filing of petitions for appointment of viewers and allows a property owner that asserts that its property interest has been condemned without the filing of a declaration of taking to file a petition for the appointment of viewers setting forth the factual basis of the petition. *See* 26 Pa.C.S. § 502(c). Specifically, Section 502(c) provides:

> **(c) Condemnation where no declaration of taking has been filed.--**
>
> (1) An owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) setting forth the factual basis of the petition.[7]

---

[6] We note that Appellants do not challenge the Trial Court's underlying determination as to the *de facto* taking, but instead forward only a procedural challenge to the lack of formal preliminary objections. *See* Appellants' Br. at 22-33.

[7] Subsection 502(a) provides:

> **(a) Contents of petition.--**A condemnor, condemnee or displaced person may file a petition requesting the appointment of viewers, setting forth:
>
> (1) A caption designating the condemnee or displaced person as the plaintiff and the condemnor as the defendant.
>
> (2) The date of the filing of the declaration of taking and whether any preliminary objections have been filed and remain undisposed of.

(2) The court shall determine whether a condemnation has occurred, and, if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned.

(3) The court shall enter an order specifying any property interest which has been condemned and the date of the condemnation.

(4) A copy of the order and any modification shall be filed by the condemnor in the office of the recorder of deeds of the county in which the property is located and shall be indexed in the deed indices showing the condemnee as grantor and the condemnor as grantee.

26 Pa.C.S. § 502(c).

Regarding challenges to petitions for appointment of viewers, this Court has observed that "the Code provides the *exclusive* method and practice

---

(3) In the case of a petition of a condemnee or displaced person, the name of the condemnor.

(4) The names and addresses of all condemnees, displaced persons and mortgagees known to the petitioner to have an interest in the property acquired and the nature of their interest.

(5) A brief description of the property acquired.

(6) A request for the appointment of viewers to ascertain just compensation.

26 Pa.C.S. § 502(a).

governing eminent domain proceedings, including *de facto* takings, and []
preliminary objections are the exclusive method of raising objections to a petition
for appointment of viewers alleging a *de facto* taking." *York Rd. Realty Co., L.P. v.
Cheltenham Twp.*, 136 A.3d 1047, 1050 (Pa. Cmwlth. 2016) (quoting *Gerg v. Twp.
of Fox*, 107 A.3d 849, 852 (Pa. Cmwlth. 2015)) (emphasis in original) (brackets
omitted); *see also Pileggi v. Newton Twp.*, 245 A.3d 377, 384 n.4 (Pa. Cmwlth.
2021) ("Preliminary objections are the exclusive method under the [] Code of raising
legal and factual objections to a petition for appointment of viewers which alleges
a *de facto* taking." (quoting *German v. City of Phila.*, 683 A.2d 323, 325 n.5 (Pa.
Cmwlth. 1996))); Section 504(d) of the Code, 26 Pa.C.S. § 504(d).

Moreover, "preliminary objections in the context of proceedings under
the Code are distinct from preliminary objections in the context of a proceeding
under the Pennsylvania Rules of Civil Procedure." *York Rd.*, 136 A.3d at 1050
(quoting *William Schenk & Sons v. Northampton, Bucks Cnty., Mun. Auth.*, 97 A.3d
820, 824 (Pa. Cmwlth. 2014) (additional quotation marks omitted)). "In proceedings
under the Code, preliminary objections are intended as a procedure to resolve all
legal and factual challenges to a declaration of taking before proceeding to the
damages issue – *i.e.*, hearing by an appointed board of viewers." *York Rd.*, 136 A.3d
at 1050 (quoting *William Schenk*, 97 A.3d at 824) (additional quotation marks
omitted)). As this Court has observed,

> [i]n eminent domain proceedings, preliminary objections
> serve a broader purpose than ordinary preliminary
> objections and are intended as a procedure to
> expeditiously resolve threshold legal issues[.] Indeed, the
> trial court must first determine whether a *de facto* taking
> has occurred before sending the matter to a board of
> view[ers] to determine damages.

*Hill v. City of Bethlehem*, 909 A.2d 439, 442 n.8 (Pa. Cmwlth. 2006) (internal citations omitted). Therefore, when preliminary objections are filed in a *de facto* taking case,

> [a] trial court must determine first whether, as a matter of law, the averments of the petition for the appointment of viewers, taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a *de facto* taking. If not, the preliminary objections must be sustained and the petition dismissed or allowed to be amended. If the averments, taken as true, *might* establish a *de facto* taking the trial court must take evidence by depositions, or otherwise, *so that a judicial determination might be made*.

*Hill*, 909 A.2d at 443 (quoting *Stein v. City of Phila.*, 557 A.2d 1137, 1140 (Pa. Cmwlth. 1989)) (emphasis in original); *see also Linde Enters., Inc. v. Lackawanna River Basin Sewer Auth.*, 911 A.2d 658, 661 (Pa. Cmwlth. 2006) (quoting *Hill*).

> The decision of whether a compensable taking has occurred requires an initial determination that the act complained of was, in fact, an exercise of eminent domain power. Acts not done in the exercise of the right of eminent domain and not the immediate, necessary or unavoidable consequences of such exercise cannot be the basis of a proceeding in eminent domain.

*German*, 683 A.2d at 326-27.

The first question in the instant case concerns the timing of preliminary objections in response to petitions for appointment of viewers that allege a *de facto* taking. Regarding preliminary objections to petitions for the appointment of viewers, Section 504(d) of the Code provides:

> **(d) Preliminary objections. - -**

8

(1) Any objection to the appointment of viewers may be raised by preliminary objections filed within 30 days after receipt of notice of the appointment of viewers.

(2) Objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for appointment of viewers) are waived unless included in preliminary objections.

(3) An answer with or without new matter may be filed within 20 days of service of preliminary objections, and a reply to new matter may be filed within 20 days of service of the answer.

(4) The court shall determine promptly all preliminary objections and make any orders and decrees as justice requires.

(5) If an issue of fact is raised, the court shall conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise, but in no event shall evidence be taken by the viewers on this issue.

26 Pa.C.S. § 504(d).

Thus, preliminary objections are an objector's proper response to challenge a petition for appointment of viewers pursuant to Section 504 of the Code. *See Millcreek Twp. v. N.E.A. Cross Co.*, 620 A.2d 558, 560 (Pa. Cmwlth. 1993). While the function of preliminary objections differs from regular civil practice in matters brought under the Code, the Code clearly sets forth the timing for filing and the required content of preliminary objections in such matters. *See* 26 Pa.C.S.

§ 504(d)(1) & (2).  The Code requires that preliminary objections be filed "30 days after receipt of notice of the appointment of viewers" and raise "objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c)[.]"  26 Pa.C.S. § 504(d)(1) & (2).  The Code further expressly explains that a failure to raise in preliminary objections claims regarding the legal sufficiency or factual basis of a petition for appointment of viewers will result in waiver of such claims.  *See* 26 Pa.C.S. § 504(d)(2).  These requirements, and the penalty for failure to comply therewith, are express and unambiguous in the text of the Code.

In discussing the time limitations for the filing of preliminary objections in the context of the appointment of viewers,

> [t]his Court has held that under the Code an objector to the appointment of viewers has two opportunities for filing preliminary objections: within [30[8]] days after notice of the petition for the appointment of viewers or within [3]0 days after notice of the appointment itself.  Thus, while such objections may be filed prior to the appointment, they may not be filed beyond [3]0 days following notification of the appointment, unless the record fails to reflect due notification of the appointment.

*Dep't of Transp. v. Harrisburg Coca-Cola Bottling Co.*, 414 A.2d 1097, 1100-01 (Pa. Cmwlth. 1980) (internal citation omitted).  Failure to avail oneself of either of

---

[8] At the time this Court filed *Department of Transportation v. Harrisburg Coca-Cola Bottling Company*, 414 A.2d 1097 (Pa. Cmwlth. 1980), Section 504 of the Code provided for the filing of preliminary objections within 20 days of notice of the petition for the appointment of viewers or after notice of the appointment itself.  *See former* Section 504 of the Code, 26 Pa.C.S. § 1-504.  This time limit was extended to 30 days when the current version of Section 504 became effective on September 1, 2006.  *See* 26 Pa.C.S. § 504.

these opportunities to file preliminary objections to a requested appointment of viewers waives the objector's opportunity to do so. *See id.* at 1101.

Here, Appellants filed the Petition on March 30, 2021. In the normal course of contesting a petition for appointment of viewers based on a *de facto* taking, the Airport would have had 30 days – or until April 29, 2021 – to file preliminary objections regarding the legal sufficiency and/or factual basis of the Petition. *See* 26 Pa.C.S. § 504(d)(1). However, on April 6, 2021, the Trial Court jumped the gun and entered the Petition Grant Order granting the Petition and appointing a board of viewers. *See* Petition Grant Order, R.R. at 13. The Airport then had 30 days from the entry of the Petition Grant Order to file preliminary objections. *See* 26 Pa.C.S. § 504(d); *see also Coca-Cola*, 414 A.2d at 1101. However, the Airport did not file the Determination Petition until August 6, 2021, four months after the Petition Grant Order. In the Determination Petition, the Airport argued (1) that it was not obligated to file preliminary objections until after the Trial Court made a determination on existence of the *de facto* taking alleged in the Petition, and (2) that the Petition failed to establish a *de facto* taking or the date thereof. *See* Determination Petition at 2-9, R.R. at 19-26. While not styled as preliminary objections, the allegations contained in the Determination Petition served the same function as preliminary objections – they raised a challenge to the legal sufficiency and/or factual basis of the Petition's claim that a *de facto* taking had occurred at the Property. However, Airport's time for filing such preliminary objections had expired. *See Coca-Cola*, 414 A.2d at 1101; 26 Pa.C.S. § 504(d).

We observe that the instant matter presents a unique procedural posture occasioned by the Trial Court's filing of the Petition Grant Order before the expiration of the time during which the Airport could have filed preliminary

11

objections thereto and the Airport's subsequent failure to timely file preliminary objections following the entry of the Petition Grant Order. However, the expiration of Airport's time to file preliminary objections did not excuse the Trial Court's statutory obligation to determine whether a condemnation had occurred and, if so, to enter an order regarding the date of the condemnation and the property interest condemned, which obligation is independent of the Airport's right to file preliminary objections challenging the Petition. *See* 26 Pa.C.S. § 502(c); *German*, 683 A.2d at 326-27. Here, because the averments of the Petition, taken as true, might have established a *de facto* taking, the Trial Court was obligated to take evidence so that it might make a judicial determination as to the alleged *de facto* taking. *See Linde Enters.*, 911 A.2d at 661; *Hill*, 909 A.2d at 443. The Trial Court fulfilled this obligation by conducting the Evidentiary Hearing, after which the Trial Court determined that Appellants failed to establish that a *de facto* taking of the Property had occurred. Without a condemnation occasioned by a *de facto* taking, Appellants had no right to the appointment of a board of viewers. Additionally, because the Trial Court was obligated to assess and determine the existence of a condemnation, any procedural error in the order of operations of the Trial Court's *de facto* taking determination in relation to the filing of the Determination Petition was harmless error that in no way prejudiced Appellants.[9] Accordingly, we find no error in the Trial Court's denial of the Petition based on its determination following the

---

[9] Further, we observe that our Supreme Court has long held that, "[i]n the interest of justice, our civil procedural rules must be liberally construed. Form must not be exalted over substance, and procedural errors must not be dispositive where there has been substantial compliance with the rules and no prejudice has resulted from purely technical error." *In re Tax Claim Bureau, German Twp., Mt. Sterling 54 1/2 Acres, Misc. Bldgs.*, 436 A.2d 144, 146 (Pa. 1981).

12

Evidentiary Hearing that Appellants failed to prove that a *de facto* taking of the Property occurred.

### B. *Evidentiary Claims*

In their remaining issue on appeal, Appellants raise two evidentiary claims: first, that the Trial Court abused its discretion by not allowing Appellants to call Airport Counsel as a fact witness at the evidentiary hearing in this matter, and second, that the Trial Court erred in certain of its credibility determinations. *See* Appellants' Br. at 34-46. These claims do not entitle Appellants to relief.

As this Court has explained, "the decision whether to admit or exclude the testimony of a witness is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *McGuire on behalf of Neidig v. City of Pittsburgh*, 250 A.3d 516, 535 (Pa. Cmwlth. 2021), *aff'd*, 285 A.3d 887 (Pa. 2022) (quoting *Daddona v. Thind*, 891 A.2d 786, 811 (Pa. Cmwlth. 2006)) (quotation marks and brackets omitted). "An abuse of discretion is not merely an error of judgment, but is a judgment that is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." *Id.* (internal quotation marks and brackets omitted).

Here, the Trial Court did not abuse its discretion by preventing the testimony of Airport Counsel. The Trial Court heard the following exchange at the Evidentiary Hearing:

> [APPELLANTS' COUNSEL]: Well, the issue is now, if the [Trial] Court will hear me, that I intend to call [Airport Counsel] as a witness. [Airport Counsel] is the only one, and the case law is quite clear. There are exemptions to when someone may not file [p]reliminary [o]bjections, but there has to be a reason. You can't just not file them. As [Airport Counsel] answered during oral argument, I just

13

don't [sic] know I had to.  That is, first of all, that's not evidence.

. . . .

THE COURT:  Why is it relevant to the issue of whether there's a taking or not?

[APPELLANTS' COUNSEL]:  Because I will tell you why I think it's relevant.

THE COURT:  Please.  Okay.

[APPELLANTS' COUNSEL]:  That is because I am making a record.

THE COURT:  Yes.

[APPELLANTS' COUNSEL]:  And I desperately do not want this case remanded back here from the Commonwealth Court for additional findings.  So, I'm trying to get the findings all in at one time.

THE COURT: Okay.  But why is this relevant to the issue of was there a taking or not?  I don't understand.

[APPELLANTS' COUNSEL]:  It's not – it's not relevant to whether or not there was a taking, but it is relevant to the non-filing of [p]reliminary [o]bjections because the Commonwealth Court has said on many occasions that there are times when you don't have to file [p]reliminary [o]bjections within 30 days.  And that's both condemnor and condemnee.  But there has to be a reason.  And so far, we are not giving the Commonwealth Court anything to go on in terms of evidence as to why [p]reliminary [o]bjections were not filed.

Notes of Testimony April 21, 2023 at 135-36, R.R. at 234-35.

14

Based on these statements, the Trial Court found that testimony from Airport Counsel would not be relevant to a determination of whether a *de facto* taking had occurred with reference to the Property. *See* Opinion in Compliance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure (1925(a) Opinion) at 5 (pagination supplied). As the Trial Court explained:

> [Appellants'] counsel herself stated on the record at the Evidentiary Hearing on April 21, 2023[,] that the testimony from [Airport Counsel] was not relevant to whether a taking had occurred or not. Further, any testimony concerning the negotiations between [Appellants'] and [Airport C]ounsel may be excluded by Pa.R.E. 408[,] *Compromise Offers and Negotiations*,[10] given the discussions were a part of efforts between the parties to come to a resolution prior to the filing of the Petition[].

---

[10] Pennsylvania Rule of Evidence 408, *Compromise Offers and Negotiations*, states:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim.
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Pa.R.E. 408.

*Id.*

We find no error in this determination. Simply put, Appellants' counsel's statement that testimony from Airport Counsel would have no bearing on the issue of whether a *de facto* taking had occurred conceded that such testimony was not necessary to determine the issue before the Trial Court. Further, as the Trial Court noted, any testimony regarding previous negotiations between the parties to sell/acquire the Property would have been inadmissible as previous compromise offers and negotiations per the Pennsylvania Rules of Evidence. Accordingly, we find no abuse of discretion in the Trial Court's exclusion of proposed testimony of Airport Counsel and we decline to reverse that determination. *McGuire*.

Furthermore, Appellants are not entitled to relief to the extent they challenge the Trial Court's witness credibility determinations. "It is beyond peradventure that the trial court, sitting as the fact-finder, is free to believe all, part or none of the evidence, to make all credibility determinations, and to resolve all conflicts in the evidence." *Laurel Rd. Homeowners Ass'n, Inc. v. Freas*, 191 A.3d 938, 952 (Pa. Cmwlth. 2018). As has been oft explained:

> This Court . . . cannot upset [a] trial court's credibility determinations or reweigh the evidence to reach a finding contrary to [a] trial court. Inconsistencies in the evidence go to the weight of the evidence, and we will respect a trial court's findings with regard to the credibility and weight of the evidence unless the [litigants] can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence.

*Id.* (internal citations and quotation marks omitted).

16

Here, in their brief, Appellants provide a lengthy summation of their view of the evidence but with no application as to how such evidence renders the Trial Court's credibility determinations manifestly erroneous, arbitrary and capricious, or flagrantly contrary to the evidence. Instead, Appellants recap the evidence and simply conclude that "[i]t was simply not possible for the [T]rial [C]ourt to conclude that all witnesses were credible." Appellants' Br. at 46. We do not agree with this conclusion.

The Trial Court in this matter conducted a full evidentiary hearing and sat through the testimony of all the witnesses and determined that "all of the witnesses were credible and made no willful attempts to give false testimony." Trial Court Order at 17. The Trial Court specifically discussed shortcomings and contradictions in various witnesses' testimony. *See* Trial Court Order at 17-18. Notwithstanding Appellants' somewhat disjointed arguments, we find nothing in the record to merit overturning the Trial Court's determinations regarding the credibility and weight of evidence presented before it, which determinations are within the exclusive province of the trial court. *Laurel Rd. Homeowners*. As such, Appellants' claims of error regarding the Trial Court's credibility determinations lack merit.

## IV. Conclusion

For the above reasons, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew L. Breck and                          :
Crystal Anne Breck,                           :
                       Appellants    :
                                   :
            v.                            :
                                   :
Pittsburgh-Butler Regional Airport,           :    No. 896 C.D. 2023
a/k/a Butler County Airport                    :

# **O R D E R**

        AND NOW, this 24th day of February, 2025, the August 3, 2023 Opinion and Order of the Court of Common Pleas of Butler County is AFFIRMED.


                                     _____

                                     CHRISTINE FIZZANO CANNON, Judge